*906 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted for a new trial.
Three undercover agents testified that they were accompanied by two confidential informants to the Hampton Manor Restaurant on May 24, 1973. All three agents identified defendant as having made the drug sale. From the testimony of the agents it is unclear what the informants observed, but it appears that at least one of them identified the defendant prior to the sale. The defendant took the stand in his own behalf and offered the testimony of several credible witnesses to establish that he had not been present at the Hampton Manor Restaurant on the evening in question. To support the claim of misidentification, defendant sought disclosure of the identities of the informants. The court denied this motion.
Under these facts the court erred, as a matter of law, in not compelling the prosecutor to reveal the identity of the informants. As we noted in People v Goggins (34 NY2d 163, 172) "the defendant might become entitled to disclosure not by showing weaknesses in the prosecution case but by the development of his defense.” In Goggins, as here, the defendant gave a creditable explanation for his presence at the bar when arrested, denied being present in the bar at the time of the sale, and was corroborated in this respect by six alibi witnesses. Having presented the alibi defense, the accused was entitled to disclosure of the informants’ identities, since their testimony would likely have had a direct bearing on the alibi defense, and therefore on the question of guilt or innocence (People v Goggins, 34 NY2d 163, 170, supra).
Even if it be assumed, as the People contend, that the defendant’s need for disclosure was below the threshold established under Goggins, disclosure, in this case, should nevertheless have been mandated. The People conceded at trial that the informants had not been active for two and one half years. Indeed, the People indicated that they did not even know the informants’ whereabouts. The defendant, having made the initial showing as to the importance of disclosure (People v Goggins, supra, at p 169), the People should have come forward with some showing as to reasons, if any, why the names of the informants should not have been revealed. If it appeared that the interest of the State in preventing disclosure was attenuated and insufficient in view of the potential impact *907 of the informants’ testimony then surely the State should have been obliged to disclose the information sought (see Brady v Maryland, 373 US 83, 86-87).