OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The trial court made a specific factual determination that the People had not contributed in any way to the disappearance of the informant and further found that the People had acted with reasonable diligence in attempting to locate the informant when it became apparent that his testimony might be relevant to defendant’s case. Inasmuch as these findings, which were affirmed by the Appellate Division, were based upon sufficient evidence and were not otherwise infected by error of law, they must be treated as binding for purposes of the present appeal (People v Budd, 46 NY2d 930). Accordingly, under the standards established in People v Jenkins (41 NY2d 307), defendant was not entitled to an automatic dismissal of the charges against him, even though he made a preliminary showing through his own testimony that the informant might have information that would support his position at trial. As we noted in Jenkins (supra, at p 310), "the People should not be penalized when the informant has, on his or her own initiative, effectively disappeared after relinquishment of government control”.
Nor may defendant find solace in that portion of the analysis in Jenkins in which we indicated that dismissal of the charges might be required under certain limited circumstances where the informant’s unavailability is not due to the People’s bad faith or failure to exert diligent efforts to locate him. We stated in Jenkins (at p 311) that, in cases such as this, where the People have in all respects acted in good faith, the defendant will not be entitled to dismissal unless he "demonstrates affirmatively that the testimony of the informant was not only relevant but also that it is likely to have been favorable * * * in tending to exculpate [him]”.
*771 In this case, defendant failed to meet this higher burden of persuasion. His bare, uncorroborated assertion at trial that he and the informant had prepared "dummies”, packets of harmless powder disguised to resemble heroin, in order to dupe the undercover officer was insufficient to establish that the informant’s testimony would likely have been exculpatory, particularly in view of the fact that no explanation was offered regarding how the purported "dummies” were transformed into packets of real heroin before they were delivered by defendant and the informant to the officer. Under these circumstances, defendant’s testimony standing alone did not warrant dismissal of the charges against him solely because the informant was unavailable to testify at trial.
Finally, we note that the prosecutor’s refusal to disclose the name and address of the informant prior to trial does not present a reviewable question of law in this case, since defendant failed to challenge the adequacy of the People’s bill of particulars at the appropriate time (CPL 470.05, subd 2). Moreover, even if there were no jurisdictional barriers to our considering this question, we would not reverse on this record, since defendant failed to demonstrate his need for the information during the pretrial proceedings and since disclosure was in fact ordered as soon as it appeared that the informant’s testimony might be relevant (see People v. Peltak, 45 NY2d 905; People v Goggins, 34 NY2d 163).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.