■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS D. CHILLIS, Appellant.—Judgment unanimously modified as a matter of discretion in the interest of justice and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted after a trial without a jury for criminal possession of a controlled substance in the third degree (Penal Law, § 220.16) and criminal sale of a controlled substance in the third degree (Penal Law, § 220.39). We find no error in the court's denial of defendant's motion to suppress identification testimony after a hearing held, prior to his retrial, pursuant to *United States v Wade* (388 US 218) (see *People v Chillis*, 60 AD2d 968, reversing defendant's conviction under section 220.39 of the Penal Law and granting a new trial because defendant's request for a *Wade* hearing had been improperly denied). It appears from the record of the hearing that Officer Scirri's identification was based on his independent recollection of seeing the defendant on the evening of January 22, 1976 and recognizing him as someone whom he had seen in the area on previous occasions. Officer Brooks' identification was also based on his independent recollection of the events of January 22, 1976 and his recognition of the defendant as the person with whom he had spent several minutes during the drug transaction. There was no showing in the hearing that the identification of the defendant as the person involved in the events of January 22, 1976 was suggested by or in any way affected by the officers' previous out-of-court identification of the defendant in photographs. We find that the evidence in the record of the trial fully supports the court's verdict of guilty. As a matter of discretion pursuant to CPL 470.15 (subd 3, par [c]; subd 6) we modify the sentence by reducing the minimum sentence from four years to three years to correspond with the minimum imposed after defendant's conviction in the first trial. We also, in the exercise of our discretion, reverse defendant's conviction on the noninclusory concurrent count (criminal posession of a controlled substance in the third degree) (see *People v Gaul*, 63 AD2d 563). (Appeal from judgment of Erie Supreme Court—criminal sale of controlled substance, third degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.