■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY C. BROWN, Appellant. — Judgment reversed, on the law and facts, and new trial granted. All concur, Cardamone, J. P., not participating. Memorandum: We are presented with the type of case anticipated in *People v Jenkins* in which the People "knew or should have known that the testimony [of a police informant] would be material and relevant to the defense, [and] have exerted inadequate efforts to locate the informant" (41 NY2d 307, 312). Under these circumstances and in view of the fact that defendant has "demonstrate[d] affirmatively that the testimony of the informant was not only relevant but also that it is likely to have been favorable to some degree in tending to exculpate [him]" (41 NY2d 307, 311, *supra)* defendant is entitled to reversal of the judgment of conviction and a new trial on the charges against him. The People assert that because

defendant never formally demanded the production of the informant, he has no right to challenge their failure to produce him. Although there was no formal motion for production, the record discloses that both before and during the trial defense counsel requested the court to order the production of the informant by the People. The order settling the record indicates that the court perceived the defendant's pretrial request for production as the equivalent of a formal demand. There can be little question as to the relevance of Griffin's testimony in the case before us. It is undisputed that he was present at each of the sales and that he had a significant role in arranging and negotiating those sales. Moreover, defendant, by asserting the affirmative defense of entrapment, raised a significant factual issue regarding Griffin's role in inducing defendant to sell the drugs. The informant is the only witness who could have shed further light on the circumstances leading to defendant's introduction to Stenclik and to the drug sales. Thus, the informant's testimony would not only have been relevant, but would likely have supported defendant's entrapment defense tending to exculpate defendant. In light of the critical nature of the informant's testimony, the People's failure to produce him deprived defendant of a fair trial *(People v Jenkins,* 41 NY2d 307, *supra; People v Goggins,* 34 NY2d 163, cert den 419 US 1012). (Appeal from judgment of Monroe County Court, Barr, J. — criminal sale controlled substance, first degree, and another charge.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.