■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIA WATSON, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered March 25, 1985, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

On October 18, 1983, a police informant allegedly purchased a quantity of heroin and cocaine from defendant. At the time of the sale, the informant had a transmitter attached to his body. Thus, officers from the City of Hudson Police Department were able to overhear and record the illegal transaction. As the informant and defendant exited the building where the transaction occurred, one of the police officers was able to observe defendant. The informant left the area before defendant's trial. Defendant was subsequently convicted of two counts of criminal sale of a controlled substance in the third degree. This appeal ensued.

We find that the trial court did not abuse its discretion when it denied defendant's request to produce the informant.

When an informant leaves an area of his own volition, the initial burden is upon the defendant to demonstrate that the informant's testimony would have aided in defense of the case *(People v Jenkins,* 41 NY2d 307). Here, the informant left on his own initiative. Defendant's request to produce the informant, which did not come until the close of the People's case, does not indicate any way in which the informant's testimony would have aided in her defense. Defendant's conversation was recorded as she carried out the illegal drug transaction and she was independently identified by a police officer. Accordingly, it was within the trial court's discretion to deny the request to produce the informant.

We also reject defendant's contention that the People's cross-examination of defendant's alibi witnesses constituted reversible error. The prosecutor questioned these witnesses, who were all related to or friendly with defendant, regarding their failure until the eve of trial to discuss with either defendant or her counsel their purported knowledge of events tending to exculpate defendant. Upon review of the record, we conclude that an adequate foundation was established by the People for this line of questioning *(cf. People v Dawson,* 50 NY2d 311).

Defendant's remaining contentions have been reviewed and found to be without merit.

Judgment affirmed. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.