■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLF C. NICHOLAYSEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 6, 1979, convicting him of criminal sale of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was not entitled to pretrial production of a confidential informant. Under *People v Jenkins* (41 NY2d 307), the People must produce a confidential informant at trial for the purposes of confrontation and cross-examination once the defendant establishes that the informant's testimony is relevant to the issue of his guilt or innocence. Additionally, the People are not guarantors of the availability of informants no longer in their employ or control *(see, People v Jenkins, supra,* p 310; *People v Maneiro,* 49 NY2d 769; *United States v Hart,* 546 F2d 798, *cert denied sub nom. Robles v United States,* 429 US 1120). The papers submitted on the defendant's pretrial motion to disclose the identity of the confidential informant failed to meet the burden of showing the material and rele-

vant nature of the informant's testimony necessary to require disclosure of his identity *(see, e.g., People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Pena,* 37 NY2d 642). When the defendant later met his burden at the trial and it became evident that the informant was unavailable to testify, the People met their burden of demonstrating that they were not responsible for the informant's absence and that they had made reasonable and good-faith efforts to produce him at the trial *(see, e.g., People v Jenkins, supra).* Particularly where the defendant knew the identity of the informant, the defendant failed to demonstrate that he could not receive a fair trial without the testimony of this witness *(see, e.g., People v Maneiro, supra).* Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.