■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO OSORIO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to meet his burden of showing the material and relevant nature of the informant's testimony necessary to require pretrial disclosure of the informant's identity *(see, e.g., People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Nicholaysen,* 122 AD2d 170). At trial, the People voluntarily disclosed the informant's identity, but informed the court that they were unaware of his present whereabouts. The record supports the determination that the People had not contributed in any way to the disappearance of the informant and that the People had exerted reasonable diligence in attempting to locate him *(see, People v Maneiro,* 49 NY2d 769; *People v Miller,* 124 AD2d 830, *lv denied* 69 NY2d 830, *cert denied* 481 US 1071; *People v Watson,* 120 AD2d 866).

The identity of defendant as the person who sold cocaine to the undercover officer presented an issue of fact which the court, sitting as trier of fact in this bench trial, resolved against the defendant. Viewing the evidence, as we must, in

the light most favorable to the prosecution *(see, People v Ford,* 66 NY2d 428, 437; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we conclude that there is legally sufficient evidence to support the conviction. (Appeal from judgment of Wayne County Court, Strobridge, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.