■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE FEDRICK, Appellant.—Judgment unanimously af-

firmed. Memorandum: Prior to his trial on charges arising out of three separate sales of cocaine to an undercover DEA agent, defendant sought a warrant declaring that the confidential informant who arranged the first two sales was a material witness. That request, not opposed by the People, was granted, but the informant was not located. On appeal, defendant argues that the failure of the People to produce the informant deprived him of a fair trial.

Because defendant did not demand production of the informant, defendant has failed to preserve this issue for review. Unlike *People v Brown* (84 AD2d 910), where defendant made several informal requests that the People produce the informant, defendant's request for a material witness warrant cannot be construed as a demand for production. Even if it were so construed, the People met their burden of showing that they were not responsible for the disappearance of the informant; consequently, defendant was required to meet the heavy burden of establishing that the informant's testimony could exculpate him or raise a reasonable doubt about the reliability of the People's case *(People v Jenkins,* 41 NY2d 307, 309, *rearg denied* 42 NY2d 825). In our view, defendant failed to demonstrate affirmatively that the informant's testimony would be exculpatory *(see, People v Miller,* 124 AD2d 830, 831, *lv denied* 69 NY2d 830, *cert denied* 481 US 1071) or show the specific manner in which the informant's testimony would aid the defense *(see, People v Watson,* 120 AD2d 866). Consequently, reversal is not required.

Defendant's statement to the undercover officer, although arguably taken in violation of his right to counsel, was admissible in rebuttal to impeach defendant's testimony that he had no drug supplier in Los Angeles *(see, People v Jones,* 134 AD2d 915, *lv denied* 71 NY2d 1028). By failing to object to admission of the testimony on the ground that a proper foundation had not been established, defendant failed to preserve that issue for review (CPL 470.05 [2]).

We reject defendant's argument that the verdict is against the weight of the evidence. Matters of credibility are best left to the trier of the facts *(see, People v Stroud,* 143 AD2d 532, *lv denied* 73 NY2d 790; *People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024) and, upon this record, we cannot conclude that the trial court, sitting as the trier of the facts, failed to give the evidence the weight it should be accorded *(see, People v Bleakley,* 69 NY2d 490, 495).

We have examined the issues raised by defendant in his

supplemental *pro se* brief and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Doerr, Denman, Pine and Lawton, JJ.