■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINWOOD THOMAS, Also Known as THOMAS LINWOOD, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of two counts of criminal sale of a controlled substance in the third degree

(Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) for selling cocaine to an undercover police officer in the City of Buffalo on two separate occasions. On appeal, defendant contends that the convictions for criminal possession of a controlled substance in the third degree should be dismissed in the interest of justice as non-inclusory concurrent counts with the sale counts (see, People v Gaul, 63 AD2d 563, lv denied 45 NY2d 780; see also, People v Miranda, 151 AD2d 321, lv denied 74 NY2d 815; People v Troche, 141 AD2d 377, lv denied 72 NY2d 962; People v Perez, 139 AD2d 460, affd 74 NY2d 637; People v Chillis, 79 AD2d 872).

Although defendant correctly concedes that the possession charge is not a lesser included offense of the sale charge (see, People v Weathersby, 44 NY2d 686), he requests that this Court exercise its discretion and dismiss the possession counts in the interest of justice. We reject this request and, contrary to the cases cited by defendant, we decline to exercise our discretion to dismiss those counts in the interest of justice. The two counts of possession of cocaine are non-inclusory concurrent counts with the criminal sale counts and we perceive no reason for dismissing those counts in the interest of justice. They are separate crimes.

In addition, we find that the evidence was legally sufficient to support the convictions. Although it appears that some police paperwork incorrectly listed the first sale as having taken place on February 15, 1989, the arresting officer testified that this was an error that was corrected after it was brought to her attention when she appeared to testify at the Grand Jury. Since the indictment correctly set forth the date of the first sale as February 14, 1989, and the police testified in accordance with the date set forth in the indictment, there is no merit to defendant's claim that he was misled or unfairly prejudiced (see, People v Morris, 61 NY2d 290). Viewing the evidence in the light most favorable to the People (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we find that there was sufficient evidence to support defendant's identification and conviction.

Because defendant never requested that the People disclose the identity of the informant or produce the informant at trial, that issue has not been preserved for appellate review (see, People v Fedrick, 172 AD2d 1043; cf., People v Brown, 84 AD2d 910).

The court did not abuse its discretion in imposing concurrent indeterminate sentences of 3 to 9 years and we find no

basis for a modification in the interest of justice. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.