OPINION OF THE COURT
Per Curiam.
On July 26, 1988, a search warrant was issued for defen *67 dont, his wife, their residence in North White Plains and any vehicles owned or operated by them. In the application for the warrant, Detective Lawrence Burns of the Mount Pleasant Police Department stated that beginning in January of 1988, based upon information from a confidential informant, the Department had begun an investigation into cocaine trafficking within the Town. The warrant application also contained detailed information from a second informant and the results of independent police surveillance, both of which linked the defendant to this alleged drug network. On July 27, 1988, Detective Burns executed the warrant and seized drugs, hypodermic needles, weapons, sales records and other drug paraphernalia.
Defendant was indicted on charges of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the fourth degree, two counts of criminally possessing a hypodermic instrument, and unlawful possession of marihuana. Defendant moved to suppress the physical evidence and challenged certain of the statements made by the second confidential informant as false and perjurious. He requested an in camera hearing in advance of trial into the informant’s existence, in accordance with this Court’s holding in People v Darden (34 NY2d 177).
By decision and order filed May 17, 1989, County Court, Westchester County, granted defendant’s motion only to the extent of ordering a hearing regarding the existence of the second informant, in order "to guard against fabrication of informants.” The People were unable to produce the informant for an in camera Darden examination, and at proceedings held on October 5, 1989, the People informed the Judge that the informant had been threatened with bodily harm and was too frightened to appear in court for the Darden examination. The People moved to reargue that portion of the May 17, 1989 decision in which the Judge had granted the defendant the Darden examination. In addition, the People offered to produce a detective who would, under oath and in camera, disclose the informant’s name, recount conversations he had had with the informant, and describe his efforts to secure the informant’s presence at the Darden examination.
The defendant again moved to suppress the physical evidence seized, and by decision and order entered November 3, 1989, the defendant’s motion was granted. The People appealed and the Appellate Division reversed, holding that *68 although it was not improper to have ordered a Darden examination in this case, the hearing court should not have ordered the evidence suppressed without considering alternative evidence regarding the existence of the informant (171 AD2d 45, 50-55). A Judge of this Court granted defendant’s motion for leave to appeal.
The People argue that the hearing court should not have ordered a Darden examination in the first instance. We are not able to consider the People’s argument on this appeal. Were we to hold that the Judge indeed abused his discretion in ordering the examination, as the People urge, we would in essence be affording affirmative relief to a nonappealing party, and this we are not empowered to do (see, People v Gamble, 70 NY2d 885, 886).*
We thus turn to defendant’s argument that suppression is the appropriate remedy where the prosecution cannot produce a confidential informant because the informant allegedly fears personal injury. It is consistent with Darden to permit the People to establish the existence of confidential informants through extrinsic evidence once the People have demonstrated that the informant is legitimately unavailable (see, People v Fulton, 86 AD2d 675, affd 58 NY2d 914; People v West, 56 AD2d 955, revd on other grounds 44 NY2d 656). The defendant does not seriously dispute this general point, but instead argues that a different rule should apply if the informant’s unavailability results not from death or disappearance, but from fear. We refuse to create such a blanket exception. Where, as here, the Court is convinced that the informant’s unavailability is, in fact, the result of actual fear of death or injury to the informant or his family, there is no practical reason for the exception. Moreover, adoption of defendant’s argument would provide criminal defendants with an incentive to intimidate suspected informants in an effort to secure suppression of damaging physical evidence. Thus, we agree with the Appellate Division that once the People have established to the Trial Judge’s satisfaction that a confidential informant is unavailable because of fear, the court has the discretion to permit the People to establish the informant’s existence through alternative means. If the People are not able to meet this initial threshold, however, the court simi *69 larly has the discretion to require production of the informant. We leave to a case-by-case determination the nature and degree of evidence that will be required to establish unavailability under these circumstances.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed.

 [1] To the extent that our decision in People v Johnson (39 NY2d 364) suggests that GPL 470.35 (2) (b) gives this Court the power to grant affirmative relief to a nonappealing party, it is hereby overruled.