■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MATTHEWS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered December 28, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence presented by the People concerning the events that transpired late in the evening of October 3, 1988, on the streets of Ossining, New York, was in sharp conflict with the evidence presented by the defendant. The People's chief witness, an undercover police officer, testified to two face-to-face transactions with the defendant in which he purchased a total of 15 vials of cocaine from the defendant for $200. The defendant testified that he participated in one transaction that evening, but that he was merely an agent of the buyer, who was a confidential informant, not the undercover officer.

The defendant claims on appeal that the People did not disprove his agency defense and thus that the verdict is against the weight of the evidence. We disagree. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]). We also note that the court safeguarded the defendant's rights by delivering an extensive agency charge, which, when read as a whole, was proper in all respects *(see, People v Andujas,* 79 NY2d 113).

The defendant further claims that he was denied a fair trial because of the court's refusal to deliver a missing witness charge with respect to the confidential informant. The record reveals that the confidential informant disappeared of his own volition, without any assistance from law enforcement officials, and that the People exerted diligent efforts to locate him, but to no avail. For these reasons, not only did the People have no duty to produce the witness *(see, People v Jenkins,* 41 NY2d 307, 312), but, as he was unavailable to the People, a missing witness charge would have been inappropriate *(see, People v Kitching,* 78 NY2d 532, 536-537; *People v Fields,* 76 NY2d 761, 763; *People v Gonzalez,* 68 NY2d 424, 428).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.