■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO TORRES, Appellant. [624 NYS2d 201] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Joy, J.), rendered December 19, 1991, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree under Indictment No. 10634/91, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 20 years to life imprisonment on each conviction, (2) a judgment of the same court, also rendered December 19, 1991, convicting him of criminal sale of a controlled substance in the fifth degree under Indictment No. 10343/89, upon his plea of guilty, and sentencing him to an indeterminate term of 3 to 6 years imprisonment, to run consecutive to the sentences imposed under Indictment No. 10634/91, and (3) an amended judgment of the same court, also rendered December 19, 1991, revoking a sentence of probation previously imposed by the same court (O'Brien, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of an indeterminate term of 2 to 6 years imprisonment, to run consecutive to the sentence imposed under 10634/91, upon his previous conviction of criminal possession of a controlled substance in the fifth degree under Indictment No. 11899/88.

Ordered that the judgment imposed under Indictment No. 10634/91 is affirmed; and it is further,

Ordered that the judgment imposed under Indictment No. 10343/89 and the amended judgment are modified, as a matter of discretion in the interest of justice, by making all the

sentences concurrent; as so modified, the judgment imposed under Indictment No. 10343/89 and the amended judgment are affirmed.

We find that the confidential informant who assisted the police disappeared of his own volition, without any assistance from law enforcement officials, and the People exerted diligent efforts to locate him, to no avail. The defendant failed to demonstrate that the informant's testimony would have been exculpatory or likely to cast a doubt upon the reliability of the prosecution's case. Accordingly, the defendant was not entitled to dismissal of Indictment No. 10634/91 (see, People v Jenkins, 41 NY2d 307), or a missing-witness charge, since the informant was unavailable to the People (see, People v Aguirre, 201 AD2d 485; People v Matthews, 185 AD2d 900).

The defendant's claims of prosecutorial misconduct are either unpreserved for appellate review (see, CPL 470.05 [2]), without merit (see, People v Galloway, 54 NY2d 396; People v Thomas, 186 AD2d 602), or relate to harmless error in light of the overwhelming evidence of the defendant's guilt (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837).

The sentences imposed upon Indictment No. 10343/89 and upon the amended judgment were excessive to the extent indicated herein. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.