■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MALIK, Appellant. [634 NYS2d 146] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered November 6, 1992, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the trial court erred by denying his motions to excuse prospective jurors who had allegedly observed him on the street while he was in handcuffs. The general rule is that the trial court should lean towards disqualifying prospective jurors of dubious impartiality rather than testing the bounds of discretion by permitting such jurors to serve (see, People v Branch, 46 NY2d 645, 651). However, absent evidence that the prospective jurors would not have been impartial and considering their expurgatory oath, the trial court did not improvidently exercise its discretion by denying the defendant's motions to excuse the prospective jurors in question (see, People v Dehler, 216 AD2d 643; see also, People v Colon, 71 NY2d 410, cert denied 487 US 1239; People v Buford, 69 NY2d 290). Moreover, there is no evidence in the record to support the defendant's contention. One of the prospective jurors, when questioned by the court, stated that he had not seen the defendant on the street after the previous day's court session. The other stated that, although she saw a couple of people board a Department of Correction's bus, she did not make eye contact with or recognize anyone and she could not describe any of the people whom she saw.

The People sustained their burden of proving the third count of the indictment, which charged the defendant with robbery in the first degree, even though the victim of that robbery did not testify at trial. "[W]hile it would be preferable practice in cases such as [this] for the prosecution to introduce direct proof

of another's ownership of the subject [property], failure to do so is not necessarily fatal to the People's case * * * [since] the defendant's lack of ownership may reasonably be inferred from the surrounding circumstances" *(People v Borrero,* 26 NY2d 430, 436; *see also, People v Stafford,* 173 AD2d 233, 234; *People v Hardwick,* 137 AD2d 714, 716-717). Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish that the defendant forcibly stole some jewelry from the nontestifying victim *(see, People v Borrero, supra; People v Stafford, supra; People v Hardwick, supra).*

We find that reversal is not required due to the prosecution's failure to produce at trial two eyewitnesses to the robberies *(see, People v Maneiro,* 49 NY2d 769; *People v Jenkins,* 41 NY2d 307; *People v Torres,* 213 AD2d 687; *People v Aguirre,* 201 AD2d 485).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Altman and Florio, JJ., concur.