■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IMANU FARROW, Also Known as IMANU FLOWERS, Appellant. [724 NYS2d 639] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered June 13, 2000, convicting him of criminal possession of a weapon in the third degree (two counts) and criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Smith, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The County Court erred in denying that branch of the defendant's omnibus motion which was to suppress physical evidence without requiring the People to meet their burdens

under *People v Darden* (34 NY2d 177) and *People v Adrion* (82 NY2d 628). The information provided by an undisclosed confidential informant was inextricably intertwined with the evidence adduced by the prosecution on the issue of probable cause (*see, People v Adrion, supra*). Thus, the People were obligated to produce the informant, or otherwise establish his existence and unavailability through extrinsic evidence. Here, the cursory phone calls testified to by the People's witnesses were insufficient to meet this burden. Accordingly, suppression is required (*see, People v Edwards,* 95 NY2d 486; *People v Carpenito,* 80 NY2d 65; *People v Adrion, supra*). Santucci, J. P., Florio, H. Miller and Schmidt, JJ., concur.