■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO CASTRO, Appellant. [737 NYS2d 605] —Judgment, Supreme Court, New York County (Laura Drager, J., at pretrial severance motion; William Leibovitz, J., at jury trial and sentence), rendered December 19, 1996, convicting defendant of criminal possession of a controlled substance in the first and third degrees, and sentencing him, as a second felony offender, to

concurrent terms of 15 years to life and 8 to 16 years, respectively, unanimously affirmed.

After a thorough hearing, the court properly determined that, through no fault of the People and despite their reasonably diligent efforts to produce him, the confidential informant was unavailable to testify at trial (*see, People v Jenkins*, 41 NY2d 307). The informant could not be located and, when he spoke to a police sergeant by telephone without revealing his location, he clearly stated that he was unwilling to testify due to fear for his safety and that of his family (*see, People v Carpenito*, 171 AD2d 45, *affd* 80 NY2d 65). Furthermore, the court correctly concluded that defendant had not met his burden of demonstrating that the proposed testimony of the informant would have been exculpatory or could create a reasonable doubt (*see, People v Lesiuk*, 81 NY2d 485; *People v Jenkins, supra*). Under these circumstances, the court properly declined to issue a missing witness charge since the informant was unavailable and there was no showing that he could have provided material testimony (*see, People v Gonzalez*, 68 NY2d 424).

Defendant's severance motion, made prior to trial and renewed during trial, was properly denied. Despite some conflict in the trial testimony of defendant and the codefendant, who was acquitted, the cores of their respective defenses were not so irreconcilable as to require a severance, and there is no indication that the jury inferred defendant's guilt from this conflict in testimony (*see, People v Mahboubian*, 74 NY2d 174, 184; *People v Castro-Restrepo*, 169 AD2d 454, *lv denied* 77 NY2d 993). Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.