■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LYDON, Appellant. [821 NYS2d 590]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered February 27, 2004, convicting defendant, after a jury trial, of six counts of forgery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. On six different occasions defendant telephoned a pizzeria and placed food orders for delivery using someone else's credit card number as payment. On each of these occasions, defendant did not wait for a delivery, but instead went to the pizzeria to pick up his food and signed the credit card receipt with an illegible signature. In one instance, the signature resembled the name "Mike," which was not the name of either of the two cardholders, who were husband and wife.

We reject defendant's argument that since only one of the

cardholders testified, there was insufficient evidence that he lacked permission to use the card. A representative of the issuing company testified that defendant did not have permission from the company to use the card, and one of the two cardholders testified that he did not know defendant and never gave him permission to sign the credit card receipts or to use the card number. In addition, defendant's unusual and suspicious method of repeatedly buying pizza provided circumstantial evidence that he lacked permission. The evidence, both direct and circumstantial, established that defendant had no permission to use the card (*see People v Borrero*, 26 NY2d 430, 435-436 [1970]; *Matter of Kevin B.*, 128 AD2d 63, 70 [1987], *affd* 71 NY2d 835 [1988]; *People v Shurn*, 69 AD2d 64, 67 [1979]), and the other cardholder's testimony would have been cumulative (*see People v Garcia*, 290 AD2d 299 [2002], *lv denied* 98 NY2d 730 [2002]).

Defendant did not preserve his argument that because he signed what he now claims to be the "assumed" name "Mike" on one of the credit card receipts, he never misrepresented himself to be either of the actual cardholders and thus could not be convicted of forgery, and we decline to review this claim in the interest of justice. Were we to review this claim, we would find that defendant was properly convicted of forgery because his use of a fictitious name was for the purpose of misrepresentation and was "accompanied by a fraudulent design" (*People v Briggins*, 50 NY2d 302, 307 [1980]). The evidence supports the inference that by scribbling an illegible signature, defendant was not simply signing an assumed name, but was attempting to create the impression that an actual cardholder had signed the documents (*see People v Pettus*, 20 AD3d 369 [2005], *lv denied* 5 NY3d 855 [2005]).

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.