In the Matter of DAKYM T., a Person Alleged to be a Juvenile Delinquent, Appellant. [835 NYS2d 321]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated June 6, 2006, which, upon so much of a fact-finding order of the same court dated April 11, 2006, made after a hearing, as found that the appellant had committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months, less the time spent in detention pending disposition. The appeal brings up for review so much of the fact-finding order dated April 11, 2006, as concerned the crime of unauthorized use of a vehicle in the third degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court had subject matter jurisdiction. Moreover, the nonhearsay allegations of the petition and supporting depositions established every element of the charged crime of unauthorized use of a vehicle in the third degree (*see Matter of Jermaine G.*, 38 AD3d 105 [2007]; *cf. Matter of Jamel E.*, 33 AD3d 797, 798 [2006]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Shaquana S.*, 9 AD3d 466, 467 [2004]; *Matter of James B.*, 262 AD2d 480, 481 [1999]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree. The appellant's unauthorized use of the vehicle in question can be inferred from the circumstances surrounding the incident (*see People v Borrero*, 26 NY2d 430, 435 [1970]; *People v Lydon*, 33 AD3d 335, 336 [2006]; *Matter of Basille N.*, 228 AD2d 323, 325 [1996]; *People v Malik*, 221 AD2d 567, 567-568 [1995]; *Matter of Aaron H.*, 206 AD2d 426, 427 [1994]). The appellant failed to rebut the presumption of unauthorized use (*see* Penal Law § 165.05 [1]; *People v Simmons*, 32 NY2d 250, 252 [1973]). Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the determination was not against the weight of the evidence (*see Matter of Lenford C.*, 35 AD3d 462 [2006]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.