■ In the Matter of HORAN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [904 NYS2d 163]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of

the Family Court, Queens County (Lubow, J.), dated July 31, 2008, which, after a hearing, found that the appellant had committed an act which, if committed by an adult, would have constituted the crime of making a terroristic threat, and (2) an order of disposition of the same court dated April 1, 2009, which, after a hearing, found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition dated September 12, 2008, which had adjudged him to be a juvenile delinquent and placed him under the supervision of the New York City Department of Probation in the County of Queens for a period of one year, and upon revoking and vacating that order, placed the appellant with the Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the fact-finding order dated July 31, 2008, is dismissed, as that order was superseded by the orders of disposition (cf. CPLR 5501), and is brought up for review upon the appeal from the order of disposition dated April 1, 2009; and it is further,

Ordered that the order of disposition dated April 1, 2009, is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the petition, including the supporting depositions, contained nonhearsay allegations establishing, if true, every element of making a terroristic threat, as defined by Penal Law § 490.20, and the appellant's commission thereof (see Family Ct Act § 311.2 [3]; Matter of Dakym T., 39 AD3d 867, 868 [2007]).

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Nikita P., 3 AD3d 499, 500 [2004]), we find that it was legally sufficient to establish that the appellant committed acts, which, if committed by an adult, would have constituted the crime of making a terroristic threat (see Penal Law § 490.20; People v Van Patten, 48 AD3d 30 [2007]; People v Jenner, 39 AD3d 1083 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hassan C., 59 AD3d 617 [2009]; Matter of Robert A., 57 AD3d 770 [2008]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Hasan C., 59 AD3d 617 [2009]; Matter of Robert A., 57 AD3d 770 [2008]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (cf. People v Romero, 7 NY3d 633 [2006]).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in placing him with the Office of Children and Family Services for a period of 18 months. The Family Court's determination reflected careful consideration of the less-restrictive alternatives to that placement and properly balanced the needs of the appellant and the need for the protection of the community (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Leonard J.*, 67 AD3d 911 [2009]; *Matter of Daqwan J.*, 57 AD3d 780 [2008]). It was based on the recommendation of the Department of Probation, as well as the appellant's demonstrated failure to comply with the conditions of his probation in that he did not regularly attend school, participate in counseling, or comply with household rules. Rivera, J.P., Florio, Miller and Austin, JJ., concur.