■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS JONES, Appellant. [27 NYS3d 880]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered December 13, 2012, convicting him of criminal obstruction of breathing or blood circulation, assault in the third degree (two counts), and stalking in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in fashioning its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]). " '[T]he extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court' " (*People v Murad*, 55 AD3d 754, 755 [2008], quoting *People v Carrasquillo*, 204 AD2d 735 [1994]; *see People v Bennette*, 56 NY2d 142 [1982]). Here, the court's *Sandoval* ruling properly permitted the prosecution to cross-examine the defendant, if he testified, as to the existence of, and facts underlying, his 2003 and 2009 convictions of certain crimes (*see People v Brown*, 101 AD3d 895, 896 [2012]; *People v Murad*, 55 AD3d at 755; *People v Jamison*, 303 AD2d 603 [2003]). The fact that the defendant may have been the only possible source of testimony for his defense increased the importance of his credibility and his testimony, and did not mandate a ruling prohibiting inquiry about his prior criminal conduct (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Edwards*, 118 AD3d 909 [2014]; *People v Lopez*, 37 AD3d 496, 497 [2007]; *People v Cruz*, 21 AD3d 967, 968 [2005]). Nor did the *Sandoval* ruling otherwise deprive the defendant of his right to a fair trial (*see People v Cimino*, 49 AD3d 1155 [2008]). Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.