(May 11, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WATSON, Appellant. [55 NYS3d 460]—

Clark, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 4, 2013, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree (six counts) and criminally using drug paraphernalia in the second degree.

In 2012, after having been introduced to defendant by a confidential informant (hereinafter CI), an undercover police officer purchased cocaine from defendant during five separate controlled buys. Defendant was later arrested and, upon the execution of a search warrant, drug paraphernalia was discovered in defendant's residence. Defendant was thereafter charged in a 12-count indictment with criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree (six counts) and criminally using drug paraphernalia in the second degree. The matter proceeded to a jury trial and, at the close of the People's case-in-chief, defendant moved to dismiss the indictment on the ground that the People had failed to locate and produce the CI for trial. County Court denied the motion and the case was submitted to the jury, which returned a verdict finding defendant guilty as charged. County Court denied defendant's subsequent CPL article 330 motion to set aside the verdict and sentenced defendant, as a second felony offender, to an aggregate prison term of 18 years, followed by three years of postrelease supervision. Defendant appeals, and we affirm.

Defendant argues that he was entitled to dismissal of the indictment because the People failed to locate and produce the CI for trial, which he asserts deprived him of a fair trial, due process and his right to confront a material witness who was once in the People's control. Under *People v Jenkins* (41 NY2d 307 [1977]), once a defendant has demonstrated that the testimony of an unavailable CI, who "is or has been under the employ or control of law enforcement authorities," would be material and relevant to his or her guilt or innocence, "the People have a duty to produce the [CI] or exert diligent efforts

to effect the production of the [CI] for the defense" (*id.* at 309, 312; *see People v Maneiro,* 49 NY2d 769, 770 [1980]). "An absolute duty of production, or, alternatively, dismissal of the prosecution's case, is required only where the People have intentionally procured the disappearance of the [CI] when they knew or should have known that the testimony would be material and relevant to the defense, or have exerted inadequate efforts to locate the [CI], to avoid his or her presence at trial" (*People v Jenkins,* 41 NY2d at 312; *accord People v Miller,* 124 AD2d 830, 831 [1986], *lv denied* 69 NY2d 830 [1987]; *see People v Maneiro,* 49 NY2d at 770). Where the People have not intentionally procured the disappearance of the CI and have exerted diligent efforts to locate the CI, "a defendant must satisfy a higher standard of materiality and relevance"; the defendant must "demonstrate[ ] affirmatively that the testimony of the [CI] was . . . likely to have been favorable to some degree in tending to exculpate [him or her] or, alternatively, he [or she] must show the existence of a significant likelihood that the [CI's] testimony could be impeached to a meaningful degree creating a doubt as to the reliability of the [People's] case" (*People v Jenkins,* 41 NY2d at 311-312; *see People v Lesiuk,* 81 NY2d 485, 490 [1993]; *People v Rivera,* 98 AD3d 529, 530 [2012], *lv denied* 20 NY3d 935 [2012]).

Here, defendant established that the testimony of the CI was material and relevant to his innocence, as the CI introduced him to the undercover officer and was present for three of the five controlled buys. However, as County Court properly concluded, there was no indication that the People procured the unavailability of the CI, and the record demonstrates that adequate efforts were made to locate her. At trial, the People stated that they did not intend to call the CI as a witness and, in fact, did not know where she was. Once it became apparent that defendant might want to call the CI as a witness in furtherance of his agency defense, law enforcement officials promptly made efforts to locate the CI (*see People v Budd,* 46 NY2d 930, 931-932 [1979]). When reached by telephone, the CI stated to a law enforcement officer that she had been threatened by defendant's friends, that she had, therefore, "fled the area" and that she would not return or reveal her location for fear of reprisal. The record also includes some indication that County Court issued a judicial subpoena directing the CI's appearance in court. Furthermore, defendant was unable to meet his high burden of establishing that the proposed testimony of the CI would be exculpatory or would create reasonable doubt as to the reliability of the People's case (*see People v Fedrick,* 172 AD2d 1043, 1044 [1991], *lv denied* 78 NY2d 1127 [1991];

*People v Watson*, 120 AD2d 866, 867 [1986]; *see generally People v Jenkins*, 41 NY2d at 310-311). Moreover, although he was not entitled to it, given the CI's unavailability (*see People v Carpenito*, 80 NY2d 65, 68 [1992]; *People v Castro*, 291 AD2d 292, 293 [2002], *lv denied* 98 NY2d 636 [2002]; *People v Matthews*, 185 AD2d 900, 901 [1992], *lv denied* 80 NY2d 975 [1992]), defendant received the benefit of a missing witness charge. Accordingly, under all of these circumstances, neither dismissal of the indictment nor a new trial was warranted (*see People v Maneiro*, 49 NY2d at 771; *People v Torres*, 213 AD2d 687, 688 [1995], *lv denied* 86 NY2d 803 [1995]; *People v Martinez*, 79 AD2d 661, 661-662 [1980], *affd* 54 NY2d 723 [1981]).

Defendant also challenges County Court's *Molineux* ruling, which permitted the People to introduce evidence of defendant's 2003 conviction for criminal possession of a controlled substance in the second degree once defendant asserted, during his opening argument, that he had secured the cocaine as an agent of the undercover police officer and the CI. It is well settled that a defendant who asserts an agency defense opens himself or herself up to the presentation of *Molineux* evidence to refute such defense (*see People v Small*, 12 NY3d 732, 733 [2009]; *People v Mitchell*, 112 AD3d 1071, 1073 [2013], *lv denied* 22 NY3d 1140 [2014]; *People v Nealon*, 36 AD3d 1076, 1078 [2007], *lv denied* 8 NY3d 988 [2007]; *People v Ortiz*, 259 AD2d 979, 980 [1999], *lv denied* 93 NY2d 1024 [1999]). Here, County Court aptly concluded that defendant's 2003 conviction was relevant and material to refuting defendant's claimed agency defense, which implicated the issue of whether defendant possessed the drugs with the intent to sell them to the undercover police officer. Contrary to defendant's contention, County Court engaged in a proper weighing of the probative value versus prejudicial effect of admitting evidence of this 2003 conviction, and we discern no abuse of discretion in its determination that the prejudicial effect of admitting such evidence was outweighed by its probative value (*see People v Lee*, 129 AD3d 1295, 1298 [2015], *lv denied* 27 NY3d 1001 [2016]; *People v Nealon*, 36 AD3d at 1078). Moreover, to minimize any prejudicial effect, County Court precluded the People from eliciting testimony regarding certain inflammatory facts underlying the 2003 conviction and it provided timely and appropriate limiting instructions to the jury upon the introduction of such evidence and again in its final charge (*see People v Small*, 12 NY3d at 733; *People v Lee*, 129 AD3d at 1298; *People v Nealon*, 36 AD3d at 1079). As such, there is no basis upon which to disturb County Court's *Molineux* ruling.

Defendant further contends that County Court's *Sandoval*

ruling constituted an abuse of discretion. "The determination as to which prior convictions and bad acts can be inquired about and the extent of such inquiry rests primarily within the discretion of the trial court" (*People v Adams*, 39 AD3d 1081, 1082 [2007] [citation omitted], *lv denied* 9 NY3d 872 [2007]; *see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Sandoval*, 34 NY2d 371, 375 [1974]). Here, the People sought permission to cross-examine defendant about six of his prior convictions should he take the witness stand. After reasoned consideration of the probative value and prejudicial effect of each conviction, County Court precluded inquiry into defendant's 1990 drug-related convictions, limited inquiry into three of the convictions to certain information, such as the date, time, location and the specific crime or the general class of crime committed, and permitted a somewhat fuller inquiry into defendant's 2006 conviction for criminal possession of a weapon in the third degree. While defendant contends that the unavailability of the CI should have weighed in favor of precluding inquiry into these prior convictions, we note that "[t]he fact that . . . defendant may have been the only possible source of testimony for his defense" heightened the importance that the People be permitted to inquire into issues bearing on his veracity (*People v Jones*, 138 AD3d 758, 758 [2016], *lv denied* 27 NY3d 1152 [2016]; *see People v Hayes*, 97 NY2d at 208; *People v Sturdevant*, 74 AD3d 1491, 1494 [2010], *lv denied* 15 NY3d 810 [2010]). Overall, as County Court's *Sandoval* ruling reflects a measured balancing of the probative value and prejudicial effect of each prior conviction and greatly limited the potential for prejudice, County Court's ruling was not an abuse of discretion (*see People v Hayes*, 97 NY2d at 208; *People v Wolfe*, 103 AD3d 1031, 1036 [2013], *lv denied* 21 NY3d 1021 [2013]; *People v Wilson*, 78 AD3d 1213, 1215-1216 [2010], *lv denied* 16 NY3d 747 [2011]).

As a final matter, we find no merit to defendant's contentions that County Court considered improper factors during sentencing or that his sentence, which fell within the permissible statutory parameters, was harsh and excessive (*see People v Lee*, 129 AD3d at 1300; *People v Richards*, 124 AD3d 1146, 1147-1148 [2015], *lv denied* 25 NY3d 992 [2015]). Defendant failed to preserve his further contention that the sentence imposed constituted a penalty for rejecting a plea offer of 12 years in prison and exercising his constitutional right to a jury trial (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Haskins*, 121 AD3d 1181, 1185 [2014], *lv denied* 24 NY3d 1120 [2015]), and, in any event, the record contains no support for such claim (*see People v Collier*, 146 AD3d 1146, 1152 [2017]).

To the extent that we have not addressed any of defendant's remaining contentions, they have been examined and determined to be without merit.

Garry, J.P., Lynch, Rose and Aarons, JJ., concur. Ordered that the judgment is affirmed.