People v Corey (2021 NY Slip Op 00394)





People v Corey


2021 NY Slip Op 00394


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Ind No. 861/15 Appeal No. 12954-12954A Case No. 2019-5136 

[*1]The People of the State of New York, Respondent,
v
James Corey, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered June 21, 2016, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent offender, to a term of 16 years to life; and order, same court and Justice, entered on or about March 29, 2019, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was ample evidence that defendant had no license or privilege to enter the victims' apartment (see People v Quinones, 173 AD2d 395 [1st Dept 1991], lv denied 78 NY2d 972 [1991]). This evidence included testimony from two of the three occupants of the apartment that they did not know defendant and did not give him permission to enter, evidence that the apartment was ransacked and that one of the testifying victims' property was taken, as well as evidence supporting inferences that no one was home at the time of the crime and that defendant used some kind of tool to enter. "[T]he testimony of one or all of those who could consent to entry is not in all cases indispensable" (id. at 396; see also People v Lydon, 33 AD3d 335, 335-336 [1st Dept 2006], lv denied 7 NY3d 926 [2006][analogous principle in forgery case]).
The portions of the prosecutor's summation challenged by defendant on appeal did not shift the burden of proof to defendant, and were responsive to defense counsel's summation (see People v Galloway, 54 NY2d 396 [1981]; People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). In summation, defense counsel offered far-fetched scenarios under which defendant might have entered with the permission of the nontestifying occupant of the apartment. A fair reading of the challenged remarks is that the prosecutor was arguing that, rather than being reasonable hypotheses of innocence, these scenarios were speculative and unsupported by the evidence. This was a permissible argument for the prosecutor to make (see e.g. People v Nestman, 220 AD2d 232, 233 [1st Dept 1995], lv denied 88 NY2d 851 [1996]). Furthermore, the prosecutor never implied that defendant was obligated to introduce any evidence, and the court thoroughly charged the jury on all matters relating to the burden of proof.
The court providently exercised its discretion in denying defendant's motion for the drastic remedy of a mistrial, made after a statement made by defendant was elicited without CPL 710.30 notice (see People v Santiago, 52 NY2d 865, 866 [1981]). After defense counsel objected, the court took prompt curative action, striking the testimony about the statement and instructing the jurors that they were obligated to disregard it, which sufficed to prevent any prejudice.
The court correctly denied defendant's motion to set aside his sentence. Defendant's constitutional challenges to his sentence [*2]as a persistent violent felony offender are unavailing. Defendant's main argument is that it is irrational for a person, like himself, who commits three burglaries of dwellings without any violent aggravating factors (see Penal Law § 140.25[2]) to be subject to a mandatory sentence of 16 years to life while a person who commits three crimes that are not classified as violent felonies, but involve actual death or injury, or a high likelihood thereof, are not subject to such a sentence. Thus, defendant is essentially challenging legislative choices regarding the crimes to be designated as violent felonies for the purpose of recidivist statutes. However, the classification of dwelling burglaries as violent felonies has a rational basis (People v Johnson, 38 AD3d 1057, 1059 [3d Dept 2007]), which is the appropriate test (Chapman v United States, 500 US 453, 464-465 [1991]; People v Walker, 81 NY2d 661, 668 [1993]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021