■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL K. BENJAMIN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered July 24, 1987, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

The sole issue on this appeal is whether the search warrant for defendant, Michael K. Benjamin, and his apartment were properly issued on the basis of probable cause. The warrant application contained the affidavits of two police officers. The composite facts averred in the two affidavits are as follows. An officer operating undercover made contact with Roy Rogers on February 25, 1987 in the vicinity of defendant's apartment in the City of Binghamton, Broome County, and purchased one gram of methamphetamine from him. During the course of the transaction, Rogers told the officer that Mike Benjamin (defendant) was his supplier and that he (Rogers) could provide large quantities of methamphetamine from Benjamin. Still during the same transaction, Rogers saw an individual walking on the street whom he identified as defendant and stated that, "he is probably going over to his apartment on Pine Street to cut the stuff up". The following day, February 26, 1987, at about 4:30 P.M., pursuant to arrangements made

by Rogers, the undercover officer met with a Gary Benjamin for purposes of another sale of methamphetamine, and they eventually went to the vicinity of defendant's apartment. Gary Benjamin left the officer and, upon returning a few minutes later, stated that his source would not be home until 6:00 P.M. They agreed to meet at that time. At the appointed time, the officer rendezvoused with Gary Benjamin and Rogers in the vicinity of defendant's apartment and he gave Benjamin $175 to purchase one eighth of an ounce of methamphetamine. Gary Benjamin walked away and returned a short time later with the drugs. At the time of the foregoing transaction, a second officer was conducting a surveillance of an apartment on Pine Street which he verified was occupied by defendant. He observed Gary Benjamin enter and later exit the apartment. On March 3, 1987, the undercover officer again met with Rogers and was told that he would have methamphetamine available from his source later in the week.

The foregoing proof was sufficient to establish both prongs of the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *People v Griminger,* 71 NY2d 635). The first element, basis of knowledge of the informant (Rogers), was satisfied by a combination of two factors. First, Rogers told the undercover officer that defendant was actually his supplier, from which it could readily be inferred that Rogers was speaking of defendant's activities from direct personal knowledge *(see, People v Rodriguez,* 52 NY2d 483, 491). Second, Rogers' statement that the drugs were "cut up" at defendant's apartment was corroborated by the police surveillance of the February 26, 1987 transaction, in which Gary Benjamin was given money to buy methamphetamine, went to defendant's apartment and returned with the drugs. Thus, Rogers' basis of knowledge was "verified by police investigation that corroborate[d] the defendant's actions or that develop[ed] information consistent with detailed predictions by the informant" *(People v Bigelow,* 66 NY2d 417, 423-424).

The second prong of *Aguilar-Spinelli,* the reliability of Rogers or of his particular information, was also satisfied. Rogers' statements to the undercover officer amounted to an admission that he and defendant were engaged in a criminal conspiracy to distribute drugs and, thus, were clearly against his penal interests on the matter under investigation. Such admissions are alone sufficient to establish an informant's veracity *(see, People v Johnson,* 66 NY2d 398, 403). The fact that Rogers was unaware that he was speaking to a police

officer but, in fact, thought he was addressing a customer of his drug-trafficking activities, if anything enhances this demonstration of Rogers' reliability *(see,* 1 LaFave, Search and Seizure § 3.3 [c], at 652-656 [2d ed]; *see also, State v Lair,* 95 Wash 2d 706, 630 P2d 427, 430; *State v Wiberg,* 296 NW2d 388, 396 [Minn]; *Thompson v State,* 16 Md App 560, 298 A2d 458, 462). Moreover, the credibility of Rogers' information was clearly substantiated by the police surveillance of February 26, 1987 previously described *(see, People v Comforto,* 62 NY2d 725, 727; *People v Rodriguez, supra,* at 489-490).

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.