■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. ROBERTS, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered December 16, 1988, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the first degree, and (2) by permission, from an order of said court, entered December 6, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In January 1988, a three-count indictment was handed up against defendant by a Grand Jury. Two of those counts arose out of incidents occurring on December 10, 1987 when defendant, his wife (Lisa Roberts) and two other individuals participated in selling 222.8 grams of cocaine to undercover State Police Investigator Patrick Smith, who was aided by police informant Alan Tuttle. When defendant was arrested, numerous weapons were uncovered in his truck. As a result of these events, defendant was indicted for criminal sale of a controlled substance in the first degree and criminal possession of a weapon in the fourth degree. Defendant was also indicted for criminal sale of a controlled substance in the third degree arising from a previous sale of 3.54 grams of cocaine to Smith on November 30, 1987. Thereafter, County Court agreed to consolidate the trials of defendant, Roberts and Alan Ricky Forbes, one of the participants in the December 10, 1987 sale, to the extent that the trial was only to be on the separate counts of criminal sale of a controlled substance in the first degree that each individual defendant was charged with. Defendant was to have a separate trial on the remaining two counts in the indictment against him. On the eve of trial, however, Roberts successfully moved to sever her trial on the ground of prejudice due to the fact she and defendant shared counsel. Subsequently, a trial was held after which defendant was convicted of criminal sale of a controlled substance in the first degree and sentenced to a prison term of 21 years to life. Defendant appeals this conviction. He also appeals, by permission of the court, from the denial of his CPL 440.10 motion to vacate his conviction.

Turning our attention first to defendant's arguments on appeal from his judgment of conviction, we initially reject

defendant's contention that he was deprived of a fair trial principally because of alleged threats by County Court that reportedly intimidated Roberts into not testifying on defendant's behalf at his trial. In support of this assertion, defendant points to County Court's statement to Roberts that, if she testified for defendant, "you realize what you are sacrificing or what you are jeopardizing is the right to your freedom". We find that although County Court's statements to Roberts were strong, it is clear when read in context with the topic under discussion that they were meant only to convey to Roberts the severe potential impact that waiver of her 5th Amendment right against self-incrimination could have on her forthcoming trial on the same charge and were not an expression of County Court's bias against defendant (see, People v Jamison, 47 NY2d 882, 883). Further, because Roberts continually asserted both before and after meeting with County Court that she would not testify without first being advised by an attorney, it is apparent that her refusal to testify was a result of her awareness that her incriminating testimony could be used against her at her own trial and not because County Court intimidated her. We note in passing that defendant also criticizes a comment made on the record by Robert Miller, a member of the Public Defender's office, which also indicated that Roberts would be foolish to make the decision about whether to testify without first consulting an attorney. We find nothing improper or intimidating about Miller's remarks which were obviously only made in an attempt to help Roberts.

Next, we turn to defendant's arguments that his conviction should be reversed based on statements made by Smith and another investigator, David Beers, at trial. Smith and Beers made statements at trial indicating that defendant had been under investigation by the police as a suspected drug dealer. While we agree with defendant that this improper use of character evidence was erroneous (see, People v Meeks, 134 AD2d 290, 291, lv denied 70 NY2d 958), we do not find that the error warrants reversal in this case. Significantly, with respect to Beers' testimony, we note that County Court struck this testimony and gave immediate curative instructions to the jury (see, supra). Further, given the overwhelming evidence of defendant's guilt (see, supra; see also, People v Crimmins, 36 NY2d 230, 241), we must find that any error regarding Smith's testimony was also harmless.

The remaining errors assigned by defendant relating to his trial have been examined and have been found to be insuffi-

cient to warrant reversal. Although we agree that the prosecution erred in failing to comply with the dictates of CPL 240.20 by disclosing an oral statement made by defendant to a police officer, we find that this error was harmless given the overwhelming evidence of defendant's guilt (see, People v Herrera, 136 AD2d 567, 568, lv denied 70 NY2d 1007), and the fact that the statement was actually used by Forbes as part of his defense and not by the People in their case against defendant. As for defendant's claim that County Court abused its discretion by consolidating his and Forbes' trials, we note that defendant waived appellate review by failing to raise it in his response to the People's consolidation motion (see, CPL 470.05 [2]), and we find no reason to reverse in the interest of justice (see, CPL 470.15 [6]).

Finally, we turn to defendant's remaining arguments relating to County Court's denial of his CPL 440.10 motion without a hearing. In our view, the majority of the issues raised by defendant were properly disposed of by County Court and do not require extended discussion. Two of the issues raised, however, deserve further exploration. In Roberts' sworn affidavit attached to defendant's motion papers she makes, among other assertions, the accusation that Miller allegedly intimidated her into not testifying for her husband. She also claims that Gerald Keene, an Assistant District Attorney, threatened that if she testified for her husband his office would find witnesses to falsely testify that she had used and sold drugs. After examining the allegations contained in Roberts' affidavit and the denials contained in Keene's affidavit, we conclude that County Court properly denied the claims made therein without a hearing (see, CPL 440.30 [4]; see also, People v Britt, 148 AD2d 911, 912-913).

With respect to Miller, Roberts claims in a conclusory and vague fashion that Miller was "intimidating and aggressive" in advising her, apparently outside the record, that the Public Defender's office could not represent her because she had paid a big retainer for the attorney formerly representing both her and her husband. Therefore, she could use the refund of her part of the fee to hire her own attorney. Although Roberts claims that Miller's statements somehow "pressured" her into not testifying for her husband, it is very clear that there is no reasonable basis to support such a claim. Significantly, Roberts does not give a reason as to why Miller would even be interested in deterring her from testifying for her husband. Given the proof presented, no hearing was required on this issue. Similarly, Roberts' claim of prosecutorial misconduct is

summed up in a single paragraph alleging that, at an unspecified time and place, Keene approached her and threatened her. Keene categorically denies in his affidavit that such an event took place. Noting that no report of a threat was made to the court and the fact that Keene told Roberts on the record that it was up to her to decide whether to testify, the court found her statement incredible. We find no reason to criticize the court's finding and order a hearing because Roberts alleges nothing that would indicate that a hearing would bring out any more facts (such as, e.g., eyewitness to the alleged threat) than already asserted. Accordingly, the order denying defendant's CPL 440.10 motion in its entirety is affirmed.

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment and order are affirmed.