■ The People of the State of New York, Respondent, v Richard D. Rotundo, Appellant. [599 NYS2d 322] —Levine, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 11, 1992, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the third degree.

On the evening of January 4, 1991, defendant sold a bag of marihuana to a confidential police informant for $230 while two nearby State Police officers observed and electronically monitored the transaction. A State Police Crime Lab forensic scientist, Deborah Alber, testified that she conducted three different tests on the substance which confirmed it to be marihuana, and that its aggregate weight was 25.87 grams. Defendant was indicted for criminal sale of marihuana in the third degree for knowingly and unlawfully selling a substance weighing more than 25 grams containing marihuana (Penal Law § 221.45) and, after a jury trial, found guilty as charged

and sentenced to a determinate term of incarceration of one year. Defendant now appeals.

Defendant's first contention for reversal is that the jury's verdict was against the weight of the evidence and not supported by legally sufficient evidence in that the evidence showed that defendant was merely acting as the informant-buyer's agent. One who acts solely as the agent of the buyer in procuring drugs for the buyer is not, of course, guilty of selling the drugs to the buyer, but may be guilty of possession of the drugs (see, People v Lam Lek Chong, 45 NY2d 64, 73-74, cert denied 439 US 935). Whether defendant was the agent of the buyer was ultimately a question of fact for the jury to resolve (see, People v Rodriguez, 53 NY2d 991, 993; People v Lam Lek Chong, supra, at 74-75; see also, People v Andujas, 79 NY2d 113, 117-118).

The testimony was that the informant, while test driving a car, shared defendant's marihuana cigarette with him and asked if defendant could get an ounce of that "crop" of marihuana for him. The informant called defendant approximately one week later and arranged to make the purchase the next day. The transaction was completed, as scheduled, in the informant's car outside defendant's home for a simultaneous payment to defendant of $230 cash in exchange for a bag of marihuana. Defendant declined the informant's subsequent requests to purchase drugs. However, defendant's conduct in allowing the informant to sample the crop allowed the jury to infer that defendant was representing the quality of the marihuana (see, People v Roche, 45 NY2d 78, 85, cert denied 439 US 958). Defendant's ability to supply a fairly substantial quantity of marihuana without a cash advance, but in a direct exchange of cash for drugs, also supports the inference that he was acting as an entrepreneur rather than as the informant's agent (see, supra; see also, People v Lam Lek Chong, supra, at 75).

Viewing the evidence in a light most favorable to the People, and weighing the relative probative force of the testimony and giving deference to the jury's determination of a question of fact, we conclude that the People proved beyond a reasonable doubt that defendant was acting as a seller rather than as an agent for the informant-buyer in procuring the marihuana, and that the jury's verdict was supported by the weight of the credible evidence (see, People v Bleakley, 69 NY2d 490, 495; People v Walton, 119 AD2d 889, lv denied 67 NY2d 1058). Further, defendant waived appellate review of the jury charge regarding the definition of the term "sale"

and the agency defense by failing to object *(see, People v Longo,* 182 AD2d 1019, *lv denied* 80 NY2d 906). In any event, the charge defining "sell" mirrored the statutory definition *(see,* Penal Law § 220.00 [1]) and the lengthy charge regarding the agency defense was consistent with the case law and pattern jury instructions *(see,* 3 CJI[NY], PL art 220, at 1749-1754).

Defendant's next contention for reversal is that his mistrial motion should have been granted because he was severely prejudiced by the prosecutor's questions of the State Trooper who had monitored the drug transaction; these questions referred to a cassette tape containing a recording of that transaction and the prosecutor had represented prior to trial that she would not attempt to introduce the tape or a transcript thereof at trial. While the prosecutor made those assurances prior to trial in response to defendant's request for an audibility hearing, the record reflects that she did not, in fact, attempt to introduce the tape but merely attempted to mark it as an exhibit during the State Trooper's testimony. The prosecutor had already elicited from that witness, in the course of his narrative of the transaction and without objection from defendant, the fact that he had monitored and tape recorded the transaction and had recovered the tape as evidence. When the prosecutor attempted to have the tape marked as an exhibit, defendant objected; County Court thereafter ordered the prosecutor to withdraw it as an exhibit, instructed the jury that the parties had agreed that the tape would not be received in evidence, instructed them to disregard the tape and subsequently ordered the prosecutor to remove it from the jury's view. The tape was not admitted into evidence and the prosecutor never questioned any of the witnesses as to its contents. County Court properly denied defendant's motion for a mistrial because any possible prejudice was alleviated by appropriate curative instructions *(see, People v Mason,* 128 AD2d 812, *lv denied* 70 NY2d 651).

Additionally, it was not an abuse of discretion for County Court to deny defendant's mistrial motion made when the informant, in response to the prosecutor's question as to how he knew the defendant, replied "drug dealer" *(see, People v Ortiz,* 54 NY2d 288, 292). County Court immediately sustained defendant's objection, struck the answer and instructed the jury at length to disregard the "impermissible" characterization, explaining that the informant's opinion "has absolutely no bearing on this case". While the characterization was improper, it was not so egregious as to deny defendant a fair

trial and therefore warrant a mistrial where it was not deliberately elicited and detailed curative instructions alleviated the prejudice (see, People v Roberts, 188 AD2d 735, 736; People v Martin, 154 AD2d 554, 555, lv denied 75 NY2d 815).

We likewise reject defendant's contention that Alber's testimony (the People's forensic scientist) as to the weight of the marihuana should have been excluded because the People did not produce certificates of calibration for the scale she had used to weigh the marihuana. Alber testified that based on her vast experience using the scale it had a margin of error of just .01 grams, and that the substance weighed 25.87 grams. County Court correctly ruled that the absence of a calibration certificate went to the weight of the testimony and not to its admissibility. Further, Alber was properly permitted to testify that the substance defendant was charged with selling was marihuana. Alber conducted three different tests on the substance, only one of which involved comparison with a known standard, and testified that all three indicated the substance was marihuana. While the People's failure to establish the accuracy of the known standard as a reliable norm would require the conclusion—if that were the only test performed—that a proper foundation had not been laid for the expert's opinion as to the nature of the substance, where as here the expert's testimony was premised in part on tests which do not employ a known standard, the testimony identifying the substance as marihuana was admissible (see, People v De La Rosa, 162 AD2d 698; People v Hushie, 145 AD2d 506, 507, lv denied 73 NY2d 922; see also, People v Bolling, 166 AD2d 203, mod on other grounds 79 NY2d 317; People v Harris, 130 AD2d 939, lv denied 70 NY2d 647).

We have examined defendant's remaining contentions, including his claim that his sentence to less than the maximum permissible period was harsh and excessive, and conclude that they are unpreserved for review or do not warrant reversal.

Mikoll, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.