■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GIBSON, Also Known as LARRY JENKINS, Appellant. [619 NYS2d 39] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered July 21, 1993, convicting defendant, after a non-jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the

prosecution, we find that the evidence was legally sufficient to support the defendant's conviction of grand larceny in the fourth degree and that the People proved their case beyond a reasonable doubt (People v Contes, 60 NY2d 620, 621). Nor do we find the verdict against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495). The testimony adduced at trial revealed that the defendant and his companion carefully chose their victim, crowded around her, and that after the companion took the complainant's wallet from her purse, the two fled. The companion then gave the defendant money and the two ran into a cab and then into a hotel after realizing they were being pursued. The defendant's actions demonstrated that he intentionally aided his partner with the intent to deprive the complainant of her property (see, People v Davis, 186 AD2d 437, lv denied 81 NY2d 787).

In view of defense counsel's suggestion that the court delay conduct of a Sandoval hearing in this matter until the point where defendant will be "taking the stand", a suggestion adopted by the court, defendant's contention that the court abdicated its responsibility in issuing such ruling is unpreserved for review (People v Rivera, 162 AD2d 728). In any event, the Judge, at this bench trial, was already aware of the defendant's criminal record which was brought out prior to the trial, a matter concerning which he specifically advised defendant prior to the proffered jury waiver. Further, the court is presumed to have considered only the legally competent evidence adduced and to have excluded extraneous matter from his deliberations and verdict (People v Harris, 133 AD2d 649, 650-651, lv denied 70 NY2d 932). Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.