THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYAM A. WASHINGTON, Appellant. [761 NYS2d 377] —Peters, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 4, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was charged in a four-count indictment with various drug-related crimes after police executed a search warrant at the apartment where he and his girlfriend were living and discovered a large quantity of cocaine. At the suppression hearing, the People sought to introduce the testimony of an individual who allegedly purchased cocaine from defendant on prior occasions, as well as a letter from defendant to his girlfriend requesting intimidation of a woman he suspected turned him into the police. County Court ruled that such evidence would be admissible at trial. Before trial, however, defendant pleaded guilty to criminal possession of a controlled substance in the third degree. In accordance with the plea agreement, he was

sentenced as a second felony offender to 4½ to 9 years in prison.

On appeal, defendant challenges County Court's suppression rulings, arguing that admission at trial of the testimony of an alleged former purchaser and the letter to his girlfriend would be unduly prejudicial. Initially, we note that evidence of prior uncharged crimes and other immoral conduct is generally not admissible to demonstrate that a defendant committed a particular crime (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Chaney*, 298 AD2d 617, 618 [2002]; *People v Gonsa*, 220 AD2d 27, 30 [1996], *lv denied* 89 NY2d 923 [1996]). There are exceptions, however, "where the evidence 'tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial' " (*People v Toland*, 284 AD2d 798, 803 [2001], *lv denied* 96 NY2d 942 [2001], quoting *People v Molineux*, 168 NY 264, 293 [1901]). If one of the exceptions applies, "[t]he evidence will be allowed if its probative value exceeds the potential for prejudice to the defendant" (*People v Cook*, 93 NY2d 840, 841 [1999]; *see People v Alvino, supra* at 241).

Here, the testimony of defendant's alleged former customer that he had purchased cocaine from defendant on a regular basis around the time the search warrant was executed was clearly relevant to establishing defendant's intent. Although the People also planned to introduce the testimony of a codefendant who had made a deal with the prosecution, her testimony was highly impeachable for that reason. In light of this and given County Court's limiting instruction, we find no error in the admission of such testimony. Similarly, we find no error in County Court's admission of the letter, which was apparently written by defendant while in jail, as it was directly relevant to defendant's consciousness of guilt (*see People v Maddox*, 272 AD2d 884, 885 [2000], *lv denied* 95 NY2d 867 [2000]). In both instances, the probative value of the evidence to be admitted outweighed the prejudice to defendant. Accordingly, we find no reason to disturb County Court's rulings.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.