■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. MUIR, Appellant. [771 NYS2d 220]—

Mugglin, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered March 13, 2002, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

On February 15, 2001, police arrested Irvin Hughes for the sale of a controlled substance. Hughes, a heroin addict, identified defendant as his supplier in an attempt to obtain leniency. Hughes further advised the police that every day, for the preceding two weeks, he had driven to the City of Schenectady, Schenectady County, picked up defendant and returned with him to Hughes's apartment in the City of Amsterdam, Montgomery County, where defendant would wait while Hughes sold heroin brought by defendant. Thereafter, Hughes, wearing a pager and under police surveillance, telephoned defendant (drugs were not mentioned), drove to Schenectady, picked up defendant and returned to Amsterdam. After Hughes's vehicle entered Amsterdam, police stopped it and arrested defendant for conspiracy to sell narcotics. During a strip search at police headquarters,

50 bags of heroin were discovered secreted on defendant. A single count indictment was returned charging defendant with criminal possession of a controlled substance in the third degree. After conducting a *Huntley/Mapp* hearing, County Court denied defendant's motion to suppress the physical evidence. Defendant was tried, convicted and sentenced as a second felony offender to a prison term of 10 to 20 years, and he now appeals.

Defendant's principal contention is that the police lacked probable cause to arrest him without a warrant since Hughes lacked reliability. A warrantless arrest may be made when the officer has probable cause to believe that such person has committed a crime (*see People v Johnson*, 66 NY2d 398, 402 [1985]; *People v Rodriguez*, 52 NY2d 483, 488-489 [1981]). When the required probable cause is based upon hearsay information from an informant, probable cause exists if it is determined that the informant has an adequate basis for the knowledge transmitted to the police and that such information is reliable (*see People v Johnson, supra* at 403-404; *People v Benjamin*, 150 AD2d 952, 953 [1989]). In this regard, defendant concedes that Hughes had a sufficient basis of knowledge and contends only that the information imparted by him does not satisfy the reliability prong of the *Aguilar/Spinelli* test. County Court found that the reliability prong was satisfied because Hughes's statements were against his penal interests. We agree. "Such admissions are alone sufficient to establish an informant's veracity" (*People v Benjamin, supra* at 953 [citation omitted]). Moreover, the information was corroborated to some extent by the monitored telephone conversations which lend credence to the information regarding the commonly accepted procedure between Hughes and defendant for the sale of drugs. Thus, we conclude that County Court properly determined that probable cause existed for the arrest of defendant and the subsequent search of his person which resulted in the discovery of the drugs.

Defendant next contends that Hughes's trial testimony regarding his activities with defendant prior to the day of arrest prejudiced his right to a fair trial as it communicated to the jury defendant's criminal propensity. This evidence was properly admitted to demonstrate defendant's intent to sell drugs (*see People v Valencia*, 263 AD2d 874, 877 [1999], *lv denied* 94 NY2d 799 [1999]; *People v Johnson*, 130 AD2d 804, 806 [1987], *lv denied* 70 NY2d 704 [1987]). Notably, County Court gave lengthy limiting instructions with respect to this testimony (*see People v McClain*, 250 AD2d 871, 872-873 [1998], *lv denied* 92 NY2d 901 [1998]; *People v Johnson, supra* at 806). Likewise, we find no merit to defendant's present contention that County

Court erred in refusing to charge certain requested lesser included offenses. In our view, the record lacks any evidentiary support for a finding that defendant committed the lesser offenses requested, making County Court's refusal to charge them proper (*see People v Britt*, 283 AD2d 778, 780-781 [2001], *lv denied* 96 NY2d 916 [2001]).

Finally, we cannot find that defendant's sentence is harsh or excessive, particularly in view of his two prior convictions for criminal possession of a controlled substance in the third degree. Since defendant has failed to demonstrate a clear abuse of County Court's discretion or extraordinary circumstances which would warrant modification, there is no basis upon which to disturb the sentence (*see People v Sczepankowski*, 293 AD2d 212, 215-216 [2002], *lv denied* 99 NY2d 564 [2002]; *People v Simon*, 180 AD2d 866, 866 [1992], *lv denied* 80 NY2d 838 [1992]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.