■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BUCKERY, Appellant. [798 NYS2d 788]—

Carpinello, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered April 28, 2004, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

During the course of a multi-agency police raid on a Warren County residence known for drug activity, one of its 13 occupants was observed pushing out a window screen and throwing a bag on the ground. This individual was later identified as defendant and the bag was later confirmed to contain cocaine. Indicted on criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, defendant was found guilty as charged following a jury trial and sentenced as a persistent felony offender to a term of 20 years to life in prison. He appeals, and we now affirm.

We are unpersuaded by defendant's claim that the People failed to adequately establish a chain of custody with respect to the drugs thrown outside the window of the house that day. Defendant argues that the physical description of the drugs recovered at the scene and placed in an evidence bag did not match the physical description of the drugs actually tested since "[t]he actual evidence seized at the scene contained pieces of crack cocaine [whereas] the State lab received only powder." Such discrepancy gives rise to defendant's supposition that "[e]ither the wrong evidence was sent to the police lab or it was tampered with prior to the State lab receiving same."

Defendant's claims are unpersuasive in light of the testimony of the laboratory analyst who tested the drugs. According to this witness, she compared the description of the evidence with a description on the written request for analysis form. Moreover, she then described the drugs as "powder" on the laboratory report, as is her usual practice, instead of describing it is as

"chunky or colored," as the investigating officer had done when he collected and sealed it.* These circumstances provide a reasonable assurance of the identity and unchanged condition of the subject drugs (*see People v Julian*, 41 NY2d 340, 343-344 [1977]). Moreover, any doubt as to the chain of custody based on the discrepancies in these descriptions went to the weight of this evidence and not its admissibility (*see People v Lanza*, 299 AD2d 649, 650 [2002], *lv denied* 100 NY2d 540 [2003]; *see also People v Beverly [Priest]*, 5 AD3d 862, 864 [2004], *lvs denied* 2 NY3d 796, 804 [2004]). In sum, we reject defendant's claim that the evidence bag containing the subject drugs was improperly admitted into evidence at trial.

We also find no error in County Court's supplemental instruction to the jury during its deliberations. A note received by the court revealed that the jury was seeking guidance on the alleged discrepancy between the descriptions of evidence in the evidence bag and the laboratory report. County Court responded to this inquiry by instructing the jurors that both cocaine and crack cocaine are narcotic drugs (*see People v Monday*, 309 AD2d 977, 980 [2003]) and rereading the elements of the charged crimes. Since a trial court is vested with discretion in framing a response to a deliberating jury's inquiry and must respond to an inquiry in a meaningful fashion (*see People v Santi*, 3 NY3d 234, 248 [2004]; *People v Ward*, 282 AD2d 819, 821 [2001], *lv denied* 96 NY2d 942 [2001]), we are satisfied that the court appropriately interpreted the inquiry posed in this case (*see People v Ward, supra*; *see also* CPL 310.30) and then meaningfully responded to it (*see People v Santi, supra*; *People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]).

Nor do we find any error in County Court's *Molineux* ruling, which permitted the People to introduce evidence of prior, uncharged drug sales by defendant. Given the number of people inside the house at the time of the raid and defendant's claim that he was only present in that house as a recreational drug user, evidence of his prior drug sales was probative of his intent to commit the charged crimes (*see People v Hernandez*, 71 NY2d 233, 245-247 [1987]; *People v Muir*, 3 AD3d 597, 598 [2004], *lv denied* 1 NY3d 631 [2004]; *People v Washington*, 306 AD2d 701, 702 [2003], *lv denied* 100 NY2d 600 [2003]; *People v Dennis*, 210 AD2d 803, 805 [1994], *lv denied* 85 NY2d 937 [1995]; *see*

---

* Specifically, when asked if there was "a difference between powder cocaine and crack cocaine, or hydrochloride cocaine," the drug analyst responded, "I used the word powder rather than chunky or colored. *I just call everything powder*" (emphasis added).

*also People v Hill*, 166 AD2d 663, 664 [1990]). Moreover, County Court gave sufficient cautionary instructions on the limited purpose for which this evidence was to be considered (*see People v Muir, supra; People v Washington, supra*).

Finally, we are unable to "conclude that [the] persistent felony offender sentence is too harsh or otherwise improvident" and thus decline to exercise our discretion in the interest of justice and disturb it (*People v Rivera*, 5 NY3d 61, 68 [2005]). Defendant's remaining contentions have been reviewed and rejected.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.