■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOREME A. PERKINS, Appellant. [804 NYS2d 698]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 5, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree and perjury in the first degree (two counts).

Defendant proceeded to trial on two indictments alleging that he sold and possessed crack cocaine, and that he committed perjury when testifying to the grand jury about those crimes. At trial, defendant's statements to the police were admitted into evidence. Defendant now argues that the statements should have been redacted to omit the portion in which he stated that he would resume selling cocaine once released from jail. Because he failed to request redaction or object to admission of his statements on that basis, the issue is not preserved for our review (*see* CPL 470.05 [2]; *People v Vinogradov,* 294 AD2d 708, 709 [2002]; *People v Voight,* 269 AD2d 789, 789 [2000], *lv denied* 94 NY2d 953 [2000]). In any event, that portion of the statements was relevant to prove defendant's intent to sell the five bags of cocaine found in his possession at the time of his arrest (*see People v Buckery,* 20 AD3d 821, 823 [2005]; *People v Johnson,* 130 AD2d 804, 806 [1987], *lv denied* 70 NY2d 704 [1987]).

Defendant also contends that the prosecutor's remarks during summation deprived him of a fair trial. We disagree. Initially, defendant failed to object to most of the comments he now faults, rendering them unpreserved for our review (*see People v Humphrey,* 15 AD3d 683, 686 [2005], *lv denied* 5 NY3d 763 [2005]). In any event, most of the prosecutor's remarks constituted fair comment on the evidence and defendant's demeanor, especially considering defendant's attack on the credibility of prosecution witnesses, his conspiracy theory and his own inconsistent testimony (*see id.* at 686; *People v Ruiz,* 8 AD3d 831, 832

[2004], *lv denied* 3 NY3d 711 [2004]). The prosecutor improperly referred to prior statements of a witness to whom defendant allegedly sold cocaine, which statements were not in evidence, and informed the jury that the statements were consistent with the witness's trial testimony. Defendant was not prejudiced by these remarks and this error was rendered harmless because he was acquitted of all charges related to that witness (*see People v Baker,* 4 AD3d 606, 609 [2004], *lvs denied* 2 NY3d 795 [2004]; *People v Williams,* 303 AD2d 772, 772 [2003], *lv denied* 100 NY2d 567 [2003]; *People v Gutkaiss,* 206 AD2d 628, 631 [1994], *lv denied* 84 NY2d 936 [1994]).

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.