■ The People of the State of New York, Respondent, v John Nealon, Appellant. [827 NYS2d 359]—

Spain, J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered June 24, 2005, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted, following a jury trial, of criminal sale of a controlled substance in the third degree. The trial testimony established that on the evening of July 28, 2004, an undercover police detective from the City of Troy, Rensselaer County—accompanied by a confidential informant (hereinafter CI)—drove an unmarked vehicle in downtown Troy, intending to buy "illegal narcotics from street dealers." The detective testified that they were "flagged down" by defendant, and the CI testified that defendant "waived" for them "to pull over" and then he told defendant "I need a 40," meaning $40 worth of crack cocaine. Both men testified that defendant, with whom they had no prior dealings, approached their vehicle and informed the CI that he, defendant, would get their requested drugs from an adult female who was walking down the street in the direction of their car and who he described as his "girl." Defendant gave the CI his wallet as collateral after the CI gave him the $40 in buy money. The female testified that she hesitated until defendant informed her that he knew the CI from school. The CI observed defendant obtain the crack cocaine from her and take a piece for himself before delivering it to the CI; defendant then unsuccessfully tried to negotiate with the CI for another portion for himself. The police officers who arrested defendant within 10 to 15 seconds after the detective and CI departed found no money or drugs on defendant's person. Defendant did not testify. Upon his conviction, defendant was sentenced as a second felony offender to a prison term of 10 to 20 years. Defendant now appeals.

We first conclude that the jury's rejection of defendant's agency defense is sufficiently supported in the record and was not against the weight of the evidence. At defendant's request, County Court instructed the jury on the agency defense. Under settled law, "whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong*, 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]; *see People v Rotundo*, 194 AD2d 943, 944 [1993], *lv denied* 82 NY2d 726 [1993]). Factors a jury should consider in making such a determination are "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and . . . whether the defendant profited . . . from the transaction" (*People v Lam Lek Chong, supra* at 75).

Here, in addition to the female seller's testimony that defen-

dant approached her and informed her that "[he] ha[d] a sale for [her]," both the detective and the CI offered persuasive, consistent testimony in support of the conclusion that defendant initiated contact, had no relationship with them, readily agreed to provide the drugs, directed them to where they would be obtained, i.e., "his girl," and took the buy money. As such, defendant was not merely an intermediary or instrumentality of the buyer (*see People v Ortiz*, 76 NY2d 446, 449 [1990], *amended* 77 NY2d 821 [1990]; *People v Geraci*, 254 AD2d 522, 523-524 [1998]). Indeed, the witnesses described defendant's salesman-like behavior and promotion of the transaction in furtherance of his personal interests, and the evidence amply supports the jury's verdict (*see People v Sheppard*, 273 AD2d 498, 499 [2000], *lv denied* 95 NY2d 908 [2000]). While the testimony might have resulted in a different verdict, on the record before us we find no reason to reject the jury's decision, which was supported by the weight of credible evidence, to credit the prosecution's witnesses and inferences that defendant was not acting merely as a buyer's agent, given "its unique opportunity to view the witnesses, observe demeanor, and hear the testimony" (*People v Haight*, 19 AD3d 714, 716 [2005], *lv denied* 5 NY3d 806 [2005]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also People v Romero*, 7 NY3d 633 [2006]).

We next reject defendant's assertion that County Court's *Molineux* ruling deprived him of a fair trial. It is well established that a defendant who puts forth an agency defense opens the door to *Molineux* evidence (*see People v Hood*, 288 AD2d 923, 924 [2001], *lv denied* 97 NY2d 705 [2002]). Here, the court initially denied the prosecution's request to introduce evidence of defendant's prior dealings with the female seller, thereafter permitting such circumscribed testimony after defendant "put forward the defense of agency." Furthermore, the court adequately balanced the probative value of such testimony against its prejudicial impact, sufficiently and repeatedly educating the jury as to the appropriate measure of consideration it should afford such testimony (*see People v Buckery*, 20 AD3d 821, 824 [2005], *lv denied* 5 NY3d 826 [2005]). Moreover, defense counsel's successful objections when the prosecution—on direct examination—elicited the precluded testimony sufficiently protected defendant from the admission of prejudicial evidence, allowing only that the female was acquainted with defendant based upon his prior purchase of crack cocaine from her for himself and precluding testimony of whether defendant had ever assisted her in selling drugs. The court repeated its limiting instructions a third time during its charge to the jury, and ultimately granted defense counsel's request to strike that part

of her testimony about "any incidents that occurred on a day other than the date charged in the indictment." Inasmuch as the elicited testimony—which in any event portrayed defendant strictly as a prior drug purchaser for his own use and not a prior drug seller—was accompanied by the court's repeated and appropriate limiting instructions, defendant was not deprived of a fair trial (*see People v Washington*, 306 AD2d 701, 702 [2003], *lv denied* 100 NY2d 600 [2003]).

Next, we reject defendant's assertion that the excuses offered for the prosecution's inability to proceed on the original trial date—that its principal witness, the CI, was unavailable—were intentional misrepresentations. As such, defendant's motion to set aside the jury's verdict due to prosecutorial misconduct was properly denied (*see People v Hendrie*, 24 AD3d 871, 873 [2005], *lv denied* 6 NY3d 776 [2006]; *People v Jones*, 283 AD2d 665, 668 [2001], *lv denied* 96 NY2d 903 [2001]; *People v Gutkaiss*, 206 AD2d 628, 631 [1994], *lv denied* 84 NY2d 936 [1994]).

We are, however, persuaded by defendant's contention that the second felony offender sentence imposed by County Court, 10 to 20 years in prison, is unduly harsh and excessive. Notably, defendant's predicate was a nonviolent E felony unrelated to drug selling and he suffers from mitigating psychological disorders, physical disabilities, a seizure disorder and substance abuse. While acknowledging that defendant has an extensive nonviolent criminal history, in our view the interests of justice would best be served by modifying defendant's prison sentence to 6 to 12 years (*see People v Khuong Dinh Pham*, 31 AD3d 962, 967 [2006]; *People v Nickel*, 14 AD3d 869, 872-873 [2005], *lv denied* 4 NY3d 834 [2005]).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to 6 to 12 years, and, as so modified, affirmed.