■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PERSER, Appellant. [889 NYS2d 107]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 14, 2008, upon a verdict convicting defendant of the crimes of assault in the third degree and aggravated criminal contempt in the first degree.

Late in the evening of May 5, 2007, defendant entered the apartment of his estranged wife (hereinafter the victim), who had within the previous year obtained an order of protection against him, and he allegedly proceeded to strike her repeatedly in the face and body with his fist, choke her, push her to the floor, bite her face and back, and burn her hand by placing it on a hot stove burner. He was charged in a four-count indictment with burglary in the first degree, assault in the second degree (for allegedly burning her hand on the stove), assault in the

third degree (for physical injuries allegedly caused by his striking, choking, biting and pushing her), and aggravated criminal contempt in the first degree. Following a jury trial, he was found not guilty of the first two counts, but guilty of the last two counts. He was sentenced to concurrent prison terms of 2⅓ to 7 years for aggravated criminal contempt in the first degree and one year for assault in the third degree. Defendant appeals.

We affirm. Defendant contends that the jury verdict was not supported by legally sufficient evidence and that it was against the weight of the evidence. Specifically, he argues that, as to the assault conviction, the People failed to establish that the victim suffered a physical injury and, as to the aggravated criminal contempt conviction, the People did not prove his intent to violate the order of protection. The general dismissal motion made at trial was insufficient to preserve the legal sufficiency issue for our review (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-20 [1995]), and our examination of the record fails to persuade us to exercise our interest of justice jurisdiction to reverse on this ground (*see People v Gratton*, 51 AD3d 1219, 1220 [2008], *lv denied* 11 NY3d 736 [2008]; *People v Thomas*, 21 AD3d 643, 645 [2005], *lv denied* 6 NY3d 759 [2005]). As to the weight of the evidence issue, for which there is no preservation requirement (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Mann*, 63 AD3d 1372, 1373 [2009]), since it would not have been unreasonable for the jury to have reached a different verdict, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]).

Physical injury is an element of assault in the third degree (*see* Penal Law § 120.00 [1]) and is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The victim testified that defendant, among other things, punched her multiple times in the face and other various parts of her body, choked her, and bit her face and back. She related the pain that she experienced and described the bruises that she sustained on her face, breasts and buttocks. She was transported by ambulance to a hospital for treatment. The various medical care providers, as well as investigating police officers, reported observing an assortment of bruises and bite marks. Upon considering this proof and the conflicting evidence elicited by defendant, the weight of the evidence supports the jury's finding that the victim suffered a physical injury (*see*

*People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Foster*, 52 AD3d 957, 959-960 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Brown*, 243 AD2d 749, 749-750 [1997]).

We further find unavailing defendant's contention that, because he testified that he thought the protective order had expired, the aggravated criminal contempt conviction was against the weight of the evidence. "A person is guilty of aggravated criminal contempt when . . . in violation of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued . . . he or she intentionally or recklessly causes physical injury or serious physical injury to a person for whose protection such order was issued" (Penal Law § 215.52 [1]; *see People v Coston*, 55 AD3d 943, 945 [2008], *lv denied* 11 NY3d 924 [2009]). The proof at trial established that Family Court had issued an order of protection for the victim against defendant on June 8, 2006 for a period of one year, defendant was present in court when the order was issued, he was personally served with the order on that date, and it was still in effect when the assault occurred on May 5, 2007. The jury's determination to credit this proof and convict defendant upon the aggravated criminal contempt charge is fully supported by the weight of the evidence.

Defendant's contention that County Court improperly restricted his cross-examination of a physician who treated the victim is without merit. Counsel was pursuing a line of questions regarding the burn to the victim's hand that had no relevance to the charged crimes. In any event, the issue was not preserved since counsel withdrew the question following the objection (*see People v Thigpen*, 30 AD3d 1047, 1048 [2006], *lv denied* 7 NY3d 818 [2006]) and, even if there had been error, it would be harmless since defendant was acquitted of the charge of assault in the second degree which set forth the allegation regarding the burn (*see People v Perkins*, 24 AD3d 890, 891 [2005], *lv denied* 6 NY3d 816 [2006]).

The sentence imposed did not constitute an abuse of discretion and we discern no extraordinary circumstances meriting a reduction thereof as urged by defendant (*see People v Gorham*, 17 AD3d 858, 861 [2005]).

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.