■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELCETA MITCHELL, Appellant. [977 NYS2d 136]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 15, 2012 in Albany County, upon a verdict convicting defendant of the crimes of criminal sale of marihuana in the second degree and criminal sale of marihuana in the third degree (two counts).

Defendant was indicted and, after a jury trial, convicted as charged of criminal sale of marihuana in the second degree and two counts of criminal sale of marihuana in the third degree. The charges stem from defendant's sale of marihuana to a confidential informant during controlled buys conducted and overseen by the State Police on three occasions in April, May and July 2010. The informant, wearing a wire, made the purchases with prerecorded buy money provided by the police, inside the combined restaurant and grocery store operated by defendant in the City of Albany. State Police forensic scientists testified that they performed three independent tests on each substance purchased from defendant, all of which confirmed that the substances were marihuana, and that they had respective aggregate weights of 113.8 grams (April sale), 106.9 grams (May sale) and 115 grams (July sale). Upon her convictions, defendant was sentenced to an aggregate prison term of two years followed by one year of postrelease supervision. Defendant now appeals.

Defendant's initial contention for reversal is that the verdict is not supported by legally sufficient evidence and is contrary to the weight of credible evidence in that the proof showed that she was acting only as the agent of the informant buyer. We are unpersuaded. "One who acts solely as the agent of the buyer in procuring drugs for the buyer is not, of course, guilty of selling the drugs to the buyer, but may be guilty of possession of the drugs" (*People v Rotundo*, 194 AD2d 943, 944 [1993], *lv denied* 82 NY2d 726 [1993]; *see People v Ortiz*, 76 NY2d 446, 448-449 [1990], *amended* 77 NY2d 821 [1990]; *People v Lam Lek Chong*, 45 NY2d 64, 73-74 [1978], *cert denied* 439 US 935 [1978]; *People v Nealon*, 36 AD3d 1076, 1077 [2007], *lv denied* 8 NY3d 988 [2007]). "[W]hether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual ques-

tion for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong*, 45 NY2d at 74; *see People v Guthrie*, 57 AD3d 1168, 1169 [2008], *lv denied* 12 NY3d 816 [2009]).

Through the testimony of the police investigators[1] who testified to their roles in the informant's controlled buys and their observations from outside and inside the restaurant, the People proved that defendant knowingly sold more than four ounces of marihuana in July 2010 and more than 25 grams of marihuana in April and May 2010 (*see* Penal Law §§ 221.50, 221.45). An investigator searched the informant and his vehicle before each purchase, provided prerecorded buy money (between $350 and $360) and a transmitter that the informant put in his pocket; the investigator followed the informant to the restaurant and observed him enter and then come out a few minutes later carrying a paper bag containing a ziploc baggie of marihuana, which the informant turned over to the police shortly thereafter at an agreed-upon meeting place, where the informant was again searched. The investigator testified that the informant called defendant before the April and May sales but not prior to arriving, unannounced, for the July sale. A second investigator, who went ahead and was eating inside the restaurant, observed the May and July transactions; he testified that the informant entered the restaurant and spoke to defendant, who was behind the counter and handed the informant a bag. The May sale was recorded on an audio visual device and played for the jury. Defendant testified, admitting that she had known the informant for five or six years and that she knowingly provided marihuana to him. She claimed, however, that she procured the marihuana from a regular customer, known as "Pat," at the informant's request, because the informant was unemployed and desperate for money to pay his bills. She asserted that Pat provided the marihuana to her up front without payment and that, after the transfer of the drugs to the informant, she gave Pat all of the money that the informant had given her, making no profit from the transactions.

Viewing the evidence in a light most favorable to the People and according them the benefit of every reasonable inference, we find that there was legally sufficient evidence to support the jury's finding that defendant did not simply act as the agent of the informant-buyer and its rejection of her proffered agency defense (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People*

---

1. The informant was precluded from testifying at trial because the People had failed to respond to the defense's discovery demand for disclosure of the full terms of the cooperation agreement with the informant.

*v Contes*, 60 NY2d 620, 621 [1983]; *People v Guthrie*, 57 AD3d at 1169). Defendant's statement to police after her arrest supported the conclusion that she had a supplier and made a profit on the transactions. In addition, the testimony that the July sale two months after the May sale did not involve a call-ahead to defendant supports the conclusion that she already had drugs on hand to sell. "Defendant's ability to supply a fairly substantial quantity of marihuana without a cash advance, but in a direct exchange of cash for drugs, also supports the inference that [s]he was acting as an entrepreneur rather than as the informant's agent" (*People v Rotundo*, 194 AD2d at 944 [citations omitted]).

Moreover, exercising our factual review power and according deference to the jury's credibility determinations, we find that the evidence disproved the agency defense beyond a reasonable doubt and the verdict was not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Johnson*, 91 AD3d 1115, 1116-1117 [2012], *lv denied* 18 NY3d 959 [2012]; *People v Nealon*, 36 AD3d at 1078; *People v Sheppard*, 273 AD2d 498 [2000], *lv denied* 95 NY2d 908 [2000]). The defense emphasized the informant's criminal history and incentive to cooperate and implicate her in this case, the omission of any cell phone records, defendant's lack of criminal history, and the absence of the informant's firsthand account of what transpired during the transactions. Defendant testified that she supplied marihuana to the informant from Pat, despite the fact that they knew one another, and testified that Pat was aware she was giving the drugs to the informant, all of which was not particularly believable. We cannot say that the verdict was contrary to the weight of the credible evidence.

Next, we are not persuaded that Supreme Court erred in allowing limited *Molineux* evidence or that the People violated that *Molineux* ruling. While the court initially denied the People's proffer to admit certain uncharged crimes or bad acts evidence, when defendant put forth an agency defense and testified that these three transactions, in which she claimed to have acted as the agent of the informant, were the only times she had handled marihuana and she made no profit on them, she "open[ed] the door to *Molineux* evidence" (*People v Nealon*, 36 AD3d at 1078; *see People v Ortiz*, 259 AD2d 979, 980 [1999], *lv denied* 93 NY2d 1024 [1999]). It was not error for the court to permit the investigator to testify, on rebuttal, regarding defendant's statements about her suppliers, made after these sales, and how much she paid for marihuana per pound and sold per week. This testimony reflected upon defendant's intent, motive

and the absence of mistake during these transactions, and that she profited from drug dealing. Although a contemporaneous limiting instruction should ordinarily be provided, defense counsel did not request one and the court properly instructed the jury during its final charge (*see People v Burkett*, 101 AD3d 1468, 1471 n 3 [2012], *lv denied* 20 NY3d 1096 [2013]; *People v Nash*, 87 AD3d 757, 759 [2011], *lv denied* 17 NY3d 954 [2011]; *cf. People v Buchanan*, 95 AD3d 1433, 1436-1437 [2012]).[2]

Finally, we have reviewed defendant's remaining claims, including those regarding the prosecutor's summation, and do not find that the prosecutor engaged in a "flagrant and pervasive pattern of prosecutorial misconduct" so as to deprive her of a fair trial (*People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]) or committed any error requiring corrective action.

Rose, J.P., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

2. We also note that Supreme Court should have made a ruling, on the record and outside the presence of the jury, that defendant had opened the door to this testimony, and explicitly balanced the probative value of the evidence against its potential prejudice, before allowing the investigator to so testify (*see People v Small*, 12 NY3d 732, 733 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Ventimiglia*, 52 NY2d 350, 359-362 [1981]). Upon our independent review, we find that the probative value outweighed the prejudicial effect and, thus, there was no abuse of discretion in allowing this testimony.