(March 10, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVAN MALLARD, Appellant. [5 NYS3d 388]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at *Hinton* hearing; Lewis Bart Stone, J., at nonjury trial and sentencing), rendered July 21, 2011, as amended August 11, 2011, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, affirmed.

Although the court improperly permitted the People to rebut an agency defense that defendant never actually asserted, we find that the error was harmless. In his motion for a trial order

of dismissal at the end of the People's case, defense counsel made a reference to the concept of agency, but in response to the court's inquiry he unequivocally disclaimed any intention of asserting the agency defense, or any defense other than his client's complete noninvolvement in the drug transaction. While defense counsel's reference to the agency defense during his dismissal motion may have been confusing, prompting the court to allow the People to reopen their case to present evidence rebutting that defense, we find that in the context of this nonjury trial, this error was harmless because there is no reasonable possibility that the error might have contributed to the conviction (*People v Crimmins*, 36 NY2d 230, 237 [1975]).

An undercover officer (UC 19) testified that he had approached a man he identified as JD Braids, seeking to buy heroin. After agreeing to help UC 19 buy the drugs if he was allowed to keep $10 for himself, JD Braids approached and spoke to defendant. JD Braids returned to UC 19 conveying that defendant would "take" him if he too could keep $10 for himself. UC 19 understood this to mean that defendant would escort him to buy drugs. UC 19 agreed to this arrangement and then JD Braids, in his presence, handed the payment money over to defendant. Defendant asked UC 19 to walk with him to a nearby park. Defendant placed one phone call on the way there and a second call once inside the park, stating in substance, "I'm here." Defendant told UC 19 to have a seat and defendant walked over to a group of people. UC 19 observed one of the men in the group (later identified as McKeney, a codefendant) greet defendant and hand him something. Defendant returned to UC 19 and as they left the park, defendant handed UC 19 two glassine envelopes, which later tested positive for heroin. Given this overwhelming evidence of guilt, there is no reason to believe that the erroneously admitted evidence affected the court's verdict.

The *Hinton* hearing court, which closed the courtroom for the testimony of two undercover officers and which offered to permit family members or other persons designated by defendant to enter, properly exercised its discretion in rejecting defense counsel's proposal that a court officer screen members of the general public who sought to enter during the testimony. The court concluded that this suggestion would have been impracticable because there was no additional court officer available to be posted outside the courtroom, and because in any event the officer would frequently have to interrupt the testimony to report the presence of persons seeking to enter. Therefore, under the circumstances presented, defendant's pro-

posal was not a "reasonable alternative[ ] to closing the proceeding" (*Waller v Georgia*, 467 US 39, 48 [1984]). Concur— Gonzalez, P.J., Renwick, DeGrasse and Gische, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: Since I believe it was error for the trial court to allow the prosecution to reopen its case to introduce prejudicial evidence relevant to a putative agency defense, I would reverse and order a new trial.

The prosecution alleged that defendant acted in concert to sell heroin to an undercover police officer. At the end of the People's case, defendant moved to dismiss on the ground that the trial evidence did not make out a prima facie case, asserting that the testimony established "nothing more than criminal facilitation."

The prosecutor responded that defense counsel was "arguing an agency defense," and asked to present rebuttal evidence. The court agreed, and asked counsel whether he was "making an agency defense." The court noted that counsel had repeatedly stated that he was not asserting an agency defense, and indicated that counsel's manner of handling the issue had been "inappropriate."

During the ensuing colloquy, defense counsel repeatedly insisted that he was not interposing an agency defense, stating,

"I am making a trial order of dismissal based upon what I argue are failings or shortcomings or deficiencies in the People's case.

"Whatever the Court's ruling is, the defense will put on a case, but it will not be an agency nor will I ask the Court to charge itself so to speak in this bench trial on criminal facilitation as a lesser-included.

"I am merely arguing at this juncture, which is a procedural step after the People's direct case as they have rested, that this evidence fall[s] short legally. The defense case will consist of my client testifying, but he will not claim agency, to use the vernacular, nor will I argue that he acted as an agent, nor will I ask the Court to charge itself that criminal facilitation should be submitted."

The court accused defense counsel of "trying to draw distinctions without a substantive difference. And to the extent that you are trying to do so at this point, it would seem to me a bad faith response to the discussion that we had before as to what this trial is about and you have misled the People as to what your intentions were." The court stated that "whether you call

it an order of dismissal or otherwise," it would permit the prosecution, which had "effectively relied on what [defense counsel] had said," to reopen its case.

At the end of the People's reopened case, defendant again moved for a trial order of dismissal. Defense counsel reiterated that he was not interposing an agency defense. The court replied that whether or not defendant had "intend[ed] to interpose" an agency defense, defendant had nonetheless made a "back door attempt" to assert the defense, entitling the People to submit rebuttal evidence.

Defendant denied having taken part in the sale of heroin to the undercover officer. He testified that he had a social relationship with the alleged accomplice, and had been present in the park for the purpose of exercising with him. According to defendant, the alleged accomplice and the man referred to as "JD Braids" retrieved the heroin, and he took no part in the transaction. He denied having taken money from the undercover, or handing heroin to the officer. At the conclusion of the evidence, defense counsel specifically declined to have the court, acting as factfinder, receive an agency charge. Defense counsel noted, inter alia, that his client had altogether denied participating in the sale.

Rather than simply denying the motion to dismiss, the court agreed with the People that defendant was interposing an agency defense, and ruled that doing so opened the door to rebuttal evidence.

As even the majority recognizes, there was no justification for ascribing an agency defense to defendant when counsel explicitly stated that he was not asserting one. While a court possesses discretion in determining whether to permit the reopening of the prosecution's case (*see People v Whipple*, 97 NY2d 1, 8 [2001]), that discretion ought to be sparingly exercised—where, for example, the missing element is not seriously contested, and reopening the case is not unduly prejudicial to defendant (*id.*). The court's discretion should not be exercised to allow reopening of the prosecution's case so as to present evidence rebutting a defense the defendant has expressly disavowed.

Assertion of an agency defense opens the door to evidence that tends to disprove agency, but would otherwise be inadmissible, such as *Molineux* evidence (*see e.g. People v Nealon*, 36 AD3d 1076, 1078 [3d Dept 2007], *lv denied* 8 NY3d 988 [2007]), and prior convictions (*see e.g. People v Rivera*, 260 AD3d 323 [1st Dept 1999], *lv denied* 93 NY2d 977 [1999]). The introduction of such evidence here subverted defendant's right to chart

his own defense and deprived him of a fair trial. Given the breadth and amount of the erroneously admitted evidence, including an analysis indicating that a large volume of calls and texts had been placed between defendant and the putative accomplice's cell phones, and texts related to other, uncharged drug sales, the error likely affected the outcome and was not harmless. While a court sitting as the trier of fact is presumed to have considered only the legally competent evidence adduced and to have excluded extraneous matters from its deliberations (*see e.g. People v Gibson*, 210 AD2d 8, 9 [1st Dept 1994], *lv denied* 84 NY2d 1031 [1995]), the colloquy among court and counsel indicates that notwithstanding defense counsel's protestations to the contrary, the court construed defendant as asserting a "back door" agency defense. I would accordingly reverse and remand for a new trial.